IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

MIDDLE DISTRICT—HARRISBURG 1869.

## Grubb *versus* Cottrell *et al.*

1. H., being one of the firm of H. & G., and also of the firm of H. & E., drew in the name of H. & G. in favor of H. & E., and, after acceptance, endorsed the draft in the name of H. & E.; the draft was discounted, and H. received the proceeds. The acceptor was not indebted to either firm, the draft was not for the benefit of either firm, and the whole transaction was without the authority or knowledge of any of his partners. The discounting bank recovered the amount of the draft from H. & E. *Held*, in a suit by H. & E. against H. & G., that the latter were not liable for contribution.

2. The burden of showing want of consideration was on the drawers; but, when shown, it was a good defence.

3. Between the original parties, the want of consideration of a bill or note can always be inquired into.

4. Want of consideration may be insisted on by the drawer against the payee, by the payee against his endorsee and by the acceptor against the drawer.

5. It is a good defence between these parties that a bill is an accommodation bill, and they are accommodation parties.

6. The discount of the bill and the receipt of the proceeds, although by H. alone, was for the use of H. & E., the payees and endorsers.

7. The payment to the bank by H. & E. simply invested them with their original title as payees, and not with the title of the bank as bonâ fide holders for value, without notice.

8. Under the Act of April 14th 1838 (Partnership), plaintiffs and defendants are to be treated as distinct persons, and therefore the fact that H. used the proceeds, created no liability on the defendants because he was a member of that firm.

9. Where a fraud is contrived against several, and is successful against one only, he cannot recover contribution from those intended to be defrauded.

(23)

[Grubb *v.* Cottrell.]

10. If a loss must fall upon one of two innocent persons, both being free from blame, "*melior est conditio defendentis.*"

May 3d 1869.   Before Thompson, C. J., Read, Agnew and Sharswood, JJ.   Williams, J., absent.

Writs of error to the Court of Common Pleas of *Lancaster county* : Nos. 77 and 78, to May Term 1868, to remove the proceeding in an action of debt to August Term 1858, by "Peter Haldeman and Edward B. Grubb, late partners as Peter Haldeman and E. B. Grubb," against "Peter Haldeman, Joseph W. Cottrell and Stephen F. Eagle, late partners as Haldeman, Cottrell & Eagle."

The declaration stated the suit to be by the plaintiffs, without naming them as partners, against the defendants, without naming them as partners.   The first count alleged that the defendants, on the 6th of November 1854, drew a bill of exchange on Haldeman Brothers, Philadelphia, in favor of the plaintiffs, payable in thirty days after date, for $6000, which was accepted by the drawees, and not paid at maturity, averring notice, &c.   The second was for money paid, &c.   The defendants pleaded "Nil debet." Afterwards, on the application of the plaintiffs, the court allowed the declaration to be amended, by alleging that the parties respectively were partners, so as to conform to the præcipe and writ.   An appearance was entered for Haldeman, but the defence was conducted by Grubb alone.

On the 13th of December 1866, the following case stated, to be considered in the nature of a special verdict, was filed :—

" On the 6th of November 1854, Peter Haldeman and E. B. Grubb were partners, under the name of ' Peter Haldeman & E. B. Grubb.'   On that day Peter Haldeman, without the knowledge of his copartner, and without any indebtedness of the drawers to the payees, drew a note, draft or bill, of which the following is a copy :

"$6000.                         Columbia, November 6th 1854.

" Thirty days after date we promise to pay to the order of Haldeman, Cottrell & Eagle, six thousand dollars, and charge account of yours, &c.

                              "Peter Haldeman & E. B. Grubb.
" To Haldeman Brothers,
          " 59 North Water street,
                    "Philadelphia.

" This paper was presented to ' Haldeman & Brothers,' and accepted by them.   At this time there was no indebtedness of Haldeman & Brothers to the firm of Peter Haldeman and E. B. Grubb.   Upon this acceptance having been obtained, the paper was endorsed ' Haldeman, Cottrell & Eagle,' and was discounted

[Grubb *v.* Cottrell.]

by the Bank of Middletown, and the proceeds paid by the bank on the check of Peter Haldeman. The firm of Haldeman, Cottrell & Eagle was composed of Peter Haldeman, Joseph Cottrell and S. F. Eagle; and the same Peter Haldeman was a member of both firms. The body of the paper, the signatures of the drawers and endorsers, were all in the handwriting of the said Peter Haldeman, and he did not make or endorse the said note by the authority, or with the knowledge of or for the benefit of either of the said firms of Haldeman, Cottrell & Eagle or Peter Haldeman & E. B. Grubb, and neither of them received the proceeds thereof.

" When the note became due it was protested for non-payment, of all which the parties thereto had notice. The bank then brought suit against the endorsers, Haldeman, Cottrell & Eagle, to January Term 1855, obtained judgment 24th March 1856, which judgment was affirmed in the Supreme Court, and subsequently paid by Joseph W. Cottrell and S. F. Eagle, two of the defendants in that suit. (The records and papers referred to to be considered part of the case.) If upon this state of facts the plaintiffs are entitled to recover in this action, then judgment to be entered for them for six thousand dollars or any less sum, specifying the amount, with interest from the 10th December 1854 ; if not, then judgment for defendants."

The court below (Hayes J.) delivered the following opinion, April 23d 1868 :—

" These parties being equally innocent, and one not being more chargeable with fault than the other, we can only regard this as a case of *contribution ;* and the plaintiffs having paid the whole sum for which the defendants were equally responsible, we think substantial justice would be done by adjudging that defendants pay to the plaintiffs the one-half of what they were compelled to pay in the suit of the Middletown Bank against them, as in the case stated. Judgment is therefore entered for $5400, being one-half of the amount of the bill, with interest."

Grubb sued out a writ of error, and assigned for error the entering of the judgment.

The plaintiffs also took a writ of error, which the decision on the other writ makes it unimportant further to notice.

*T. E. Franklin* (with whom were *C. B. Penrose* and *F. Watts*), for the plaintiff in error.—Between the immediate parties to a simple contract a consideration is necessary. A consideration for negotiable paper need not be averred or proved, the instrument imports this. But if a consideration is *proved not to exist*, the contract is *nudum pactum :* Byles on Bills 323. The receipt of the money by Haldeman was the receipt of the plaintiffs ; his subsequent fraud gave them no claim on the defendants as drawers, who had received no consideration : Bailey *v.* Brownfield, 8 Harris 45.

[Grubb *v.* Cottrell.]

The plaintiffs had notice of the fraud, because the knowledge of Haldeman was notice to all the plaintiffs: Collyer on Part. §§ 442, 443; Sparrow *v.* Chisman, 9 B. & C. 242; Jones *v.* Yates, Id. 532; Kilby *v.* Wilson, Ry. & Mood. 178; Johnson *v.* Peck, 3 Starkie 66. If plaintiffs and defendants are equally affected by Haldeman's fraud, the maxim *potior conditio defendentis* prevails: Roberts' Equity 67 (94 Law Lib.). When there is no consideration between payee and drawer, if the drawer pays at the suit of an endorser, he has an action against the payee: Byles on Bills (Sharswood) 92 et seq., and cases in notes. Even if the two members of the plaintiff's firm, as individuals, could have recovered against Grubb alone, had they so sued, having sued as a firm, they must so recover if at all. The recovery must be according to the declaration: Thomas' Appeal, 6 Casey 383. The transaction of Haldeman was a fraud: 3 Kent Com. 43; Byles on Bills 35; Story on Part. 194–199; 1 Parsons on Bills 34; Baird *v.* Cochran, 4 S. & R. 397; Tanner *v.* Hall, 1 Barr 417; Shireff *v.* Wilks, 1 East 48; Arden *v.* Sharpe, 2 Esp. 524.

*G. M. Kline* (with whom was *H. M. North*), for defendants in error.—A bill drawn by one partner in the firm name is presumed to be a partnership transaction; the presumption is not changed by the circumstances in this case: Ihmsen *v.* Negley, 1 Casey 297; Haldeman *v.* Bank of Middletown, 4 Id. 440; Miller *v.* Consolidation Bank, 12 Wright 514. When equities are equal the legal title prevails; equities are equal between parties equally innocent: Caldwell *v.* Ball, 1 Term R. 214. If Haldeman's fraud was that of his partners, the plaintiffs, it was also that of his partner defendant; and therefore he cannot plead it against the plaintiffs: Evans *v.* Dravo, 12 Harris 62; Purdy *v.* Powers, 6 Barr 492. They cited also Parsons' Mercantile Law 184, and notes; Parsons on Partnership 288, 293, and notes.

The opinion of the court was delivered, July, 6th 1869, by

SHARSWOOD, J.—These are writs of error taken by the plaintiffs and defendants below respectively to a judgment rendered by the Court of Common Pleas of Lancaster county on a case stated in an action in which Haldeman, Cottrell & Eagle were plaintiffs, and Haldeman & Grubb defendants. The declaration contained two counts, one by the plaintiff as payees against the defendants as drawers of a bill of exchange, and the other the common count for money paid, laid out and expended.

It seems very clear, both upon principle and authority, that if the draft, which was the foundation of the suit, had never been discounted by the Bank of Middletown, no action could have been successfully maintained upon it by Haldeman, Cottrell & Eagle as payees against any of the previous parties. It was

[Grubb v. Cottrell.]

drawn and accepted without consideration, and although the burthen of proving such want of consideration was thrown upon the drawers, yet when established it was unquestionably an available defence to them. Between the original parties the consideration of a bill or note can always be inquired into: Byles on Bills 115, note; 3 Kent 80. Want of consideration may be insisted on by the drawer against the payee, by the payee against his endorsee, and by the acceptor against the drawer. Thus, for example, it is a good defence or bar to an action between these parties, that the bill is a mere accommodation bill, that the drawer is a mere accommodation drawer, the payee an accommodation endorser, and the acceptor an accommodation acceptor : Story on Bills, sect. 187. It being admitted that Haldeman and Grubb, the drawers, had received no consideration from the payees, the plaintiffs below, they had no title to recover on the bill.

When the bill was discounted by the Bank of Middletown it was for the use of the payees and endorsers Haldeman, Cottrell & Eagle, and though the money was received by Peter Haldeman alone it was for that firm, of which he was a member. To the bank—being bonâ fide holders—all the previous parties were responsible: yet any of those previous parties having been compelled to pay, could have had recourse to Haldeman, Cottrell & Eagle as the parties for whose accommodation they had respectively drawn and accepted the bill, and who were the only parties who had derived any benefit from it, they having negotiated and received the value of it. The bank, however, proceeded against the endorsers for whom they had discounted the paper, and obliged them by due course of legal proceedings to repay what they had received. By this payment they were simply reinvested with their original title. It cannot be pretended that they succeeded to the superior position and privileges of the bank as bonâ fide holders for value without notice. Nor is the case varied so far as the title to sue on the bill is concerned, by the fact that Peter Haldeman, a member of the firm of Haldeman, Cottrell & Eagle, and also of the firm of Haldeman & Grubb, misappropriated the proceeds of the discount received by him as a member of the former firm. The Act of April 14th 1838, Pamph. L. 457, has removed all legal difficulties in maintaining the suit, and we are bound as far as the legal title is concerned to consider the case " as though the parties plaintiffs and defendants were separate and distinct persons."

But had the firm of Haldeman, Cottrell & Eagle any equity to call upon the firm of Haldeman & Grubb for the whole or any part of the amount repaid by them to the bank on the bill? Had Edward B. Grubb been a party to the fraud or misappropriation a very different question would have been presented. But the case stated not only does not find this, but finds on the contrary

[Grubb *v.* Cottrell.]

that the bill was originally drawn by Peter Haldeman without his knowledge. It is not stated that any part of the proceeds of the discount of the bill was applied to the use or for the benefit of the firm of Haldeman & Grubb. On what principle then can the estate of Edward B. Grubb be made liable for any part of this money? He was not legally responsible to the plaintifs below as one of the drawers. He never received himself, nor did the firm of which he was a member receive, any benefit or advantage from it. The money when obtained from the bank by Peter Haldeman was in his hands, the money of the firm of Haldeman, Cottrell & Eagle, to which Edward B. Grubb was an entire stranger. *Socii mei socius, meus socius non est:* says the Digest, L. 17, 47. The fraud committed by Peter Haldeman in the misappropriation of the money was a fraud upon the firm of Haldeman, Cottrell & Eagle. There was no privity between Edward B. Grubb and that firm—no joint liability voluntarily incurred by him with them, upon which any promise of indemnity or contribution could be implied. It is not a principle of equity that, when a fraud is contrived and intended against several persons, which is successful only against one, that one can recover contribution from the others, intended to be defrauded. On the contrary it is well settled that if a loss must fall upon one of two innocent persons, both parties being free from blame, and justice being thus *in equilibrio,* the maxim *melior est conditio defendentis* rules the case: Broom's Legal Maxims 639.

Judgment reversed, and now judgment on the case stated for the defendants.