Royer *et al. versus* Keystone National Bank.

1. One who takes an accommodation note as collateral security for an antecedent debt, is not a holder for value.

2. He does not become a holder for value by renewing the note at maturity, no additional consideration having been given for the renewal note.

3. R. drew a note to the order of Y.; Y. endorsed it and it was then given to A. to get it discounted for the common benefit of R. and Y.; A. wrongfully pledged the note to a bank for an antecedent debt, which he owed to the bank; the bank afterwards renewed the note: *Held* (reversing the court below), in an action by the bank against R. on the renewal note, that an affidavit of defence setting forth these facts was sufficient.

January 9th 1877. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Woodward, JJ. Williams, J., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of January Term 1875, No. 193.

This was assumpsit by the Keystone National Bank, the holder of a promissory note, against Alfred J. Royer and others, makers of the note; the note was drawn to the order of one Yost and by him endorsed. Judgment was entered below for want of a sufficient affidavit of defence. The opinion of the court gives the substance of the affidavit.

*C. S. Pancoast*, for the plaintiffs in error.—The plaintiff is in no better position than Young would have been, and is, in effect, suing for his benefit: Selden *v.* Neemes, 7 Wright 423; Kirkpatrick *v.* Muirhead, 4 Harris 117; Hutchinson *v.* Boggs, 4 Casey 294; Lenheim *v.* Wilmarding, 5 P. F. Smith 76.

*M. Arnold*, for the defendant in error.—It was held in Appleton *v.* Donaldson, 3 Barr 381, that the holder of accommodation paper may pledge it for an antecedent debt. So also Lord *v.* Ocean Bank, 8 Harris 384; Holmes *v.* Paul, 6 Am. L. Reg. 482; Moore *v.* Baird, 6 Casey 138; Work *v.* Kase, 10 Id. 138; Swift *v.* Tyson, 16 Pet. 1; Bonsall *v.* Faitch, 2 Weekly Notes 298.

Mr. Justice Mercur delivered the opinion of the court, February 12th 1877.

This action was against the makers of a promissory note. Judgment was taken for want of a sufficient affidavit of defence. The affidavit avers that the original note was put in the hands of one Young, for the purpose of getting it discounted, for the mutual benefit of the makers and of the endorser; but instead of getting it discounted, he passed it over to the defendant in error, as security for an antecedent debt due by him to the bank, and that neither the makers nor the endorser ever received any consideration for the note; that when that note became due, the note now in controversy

was given in renewal ot the former, and no consideration was given therefor.

Assuming, as we must for all present purposes, these alleged facts to be true, they show that Young perpetrated a fraud on the makers and the endorser. In clear disregard of his duty, and unmindful of the trust reposed in him, he appropriated it to his own use, and fraudulently pledged it as security for his own debt. It is very clear then that none but a purchaser in good faith and for a valuable consideration could recover on the original note. Is the bank such a purchaser?

We understand the affidavit substantially to declarê that the bank took the note merely as collateral security; that it was not taken as a payment. The bank did not agree to extend the time for payment of the existing indebtedness. It relinquished no right. It parted with nothing.

While cases may be found in the conflicting decisions of our sister states, and in the United States court, which declare that such an acquisition constitutes the purchaser a holder for a valuable consideration, without his having paid anything therefor, yet the rule in our state is well settled otherwise. Commencing with Petrie v. Clark, 11 S. & R. 377, it has been followed by Hartman v. Duval, 1 Rawle 279; Walker v. Geisse, 4 Whart. 258; Depeau v. Waddington, 6 Id. 20; Trotter v. Shippen, 2 Barr 358; Appleton v. Donaldson, 3 Id. 381; Kirkpatrick v. Muirhead, 4 Harris 117; Lord v. Ocean Bank, 8 Id. 384; Sitgreaves v. Bank, 13 Wright 359; Lenheim v. Wilmarding, 5 P. F. Smith 73; Ashton's Appeal, 23 Id. 153; Pratt's Appeal, 27 Id. 378.

It follows therefore that no recovery could be had against the makers on the original note. How as to the present note? Does it occupy any higher ground? The affidavit declares that it was in renewal of the former, and no consideration was given. If no consideration was given, the equities of the holder were not increased. A failure of the holder to recover on this note leaves the bank in as good condition as it occupied before. Its former rights and its former remedies remain unimpaired.

It is contended, however, that a valuable consideration is to be implied from the mere renewal. The case of Kirkpatrick v. Muirhead, *supra*, declares the contrary. In that case the renewal was by giving two new notes, each for one-half the amount of the original note; yet it was held that no consideration for the new notes was implied; and that the same defence could be made to them as to the former note. It follows, therefore, that the facts averred, and the conclusions deduced therefrom, ought to have been submitted to a jury, and the learned judge erred in entering judgment.

Judgment reversed, and a *procedendo* awarded.