## W. R. Smith *v.* C. O. Wachob, and J. M. Hine, Appellant.

*Judgment — Opening judgment — Trial — After-discovered evidence — Practice, C. P.*

A judgment by confession having been opened, three trials were had to determine its validity. After the third trial, and after a rule for a new trial had been discharged, but before judgment a second application to open the judgment was made on the ground that the original note was an accommodation note, and that there had been no consideration for it. This new ground of defense was known to the defendant at the time of the second trial, but no effort was made to take advantage of it then, or at the third trial which took place six months later. *Held* (1) that the application being to open a judgment which was opened, was irregular and improper; but if it had been regular the relief could not have been granted; (2) that the ground of the application was not a new defense based on after-discovered evidence, and it was not a ground of defense at all.

*Promissory note—Accommodation note—Want of consideration—Antecedent debt.*

Want of consideration is not a defense in an action on an accommoda-

tion note in the hands of a third party who has taken it as collateral security for an antecedent debt.

Argued Oct. 21, 1896. Appeal, No. 183, Oct. T., 1896, by defendant, J. M. Hine, from order of C. P. Indiana Co., March Term, 1894, No. 323, overruling motion to open judgment. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Motion to open judgment. Before HARRY WHITE, P. J. The facts appear by the opinion of the Supreme Court.

*Error assigned* was order overruling motion to open judgment.

*D. B. Taylor*, with him *S. M. Jack* and *Wm. T. Cline*, for appellant.—Accommodation paper is such as is made without consideration; it represents a loan of credit. Between the original parties it is open to the defense of want of consideration: Carpenter v. Nat. Bank of the Republic, 106 Pa. 171; Bixler v. Ream, 3 P. & W. 284.

The seal upon a note imports a consideration. But this is only a presumption of law, like all other prima facie presumptions, to be rebutted. It shifts the burden of proof from the plaintiff to the defendant: Wilson v. Wilson's Admr., 2 Pitts. 205.

One who takes an accommodation note as collateral security for an antecedent debt is not a holder for value: Royer v. Keystone National Bank, 83 Pa. 248.

Hine could not be held beyond the amount, if any, which Smith advanced to Wachob upon the strength of Hine's name being upon the note: Altoona Second Nat. Bank v. Dunn, 151 Pa. 231.

While the fund is within its grasp the court has power to control, revise, modify or overturn its judgments: Johnson's App., 114 Pa. 132; Evans v. Maury, 112 Pa. 300; Silberman & Co. v. Shuklansky, 172 Pa. 77.

*Frank Keener* and *J. N. Banks*, with them *M. C. Watson*, for appellee.—The maker of accommodation paper, pledged for an antecedent debt, cannot set up as a defense that it was given

without consideration; this would defeat the very purpose for which it was made: Carpenter v. National Bank of the Republic, 106 Pa. 171; Lord v. Ocean Bank, 20 Pa. 386.

The same principle would apply whether the loan of credit is given on a negotiable instrument or on a note under seal.

The case of Royer v. Keystone National Bank, 83 Pa. 248, does not decide that one who takes an accommodation note as collateral security for an antecedent debt is not a holder for value. In that case a fraud had been perpetrated on the makers and the indorser, and the case was decided on that ground.

The case of Altoona Second National Bank v. Dunn, 151 Pa. 231, does not decide the principle that Hine could not be held beyond the amount, if any, which Smith advanced to Wachob, or assumed liability for an account of Wachob, upon the strength of Hine's name being upon the note, for in that case the testimony showed that the notes were signed for the purpose of obtaining a loan, and this being a restriction, the notes could be used only for that purpose.

Opinion by Mr. Justice Fell, January 4, 1897:

This appeal is from the order of the court of common pleas discharging a rule to open a judgment. The proceeding was irregular, and the application was without merit on the facts. The judgment was by confession, and was entered in January, 1894. A rule to show cause why it should not be opened as to the defendant, Hine, who is the appellant here, was made absolute in June, 1894, and the issue was limited to the inquiry whether he had signed the note. There had been three trials of this issue, and at the last trial the verdict was against him. A rule for a new trial had been discharged, but judgment had not been entered on the verdict when the second application to open the judgment was made. This application was to open a judgment which was open, and as to which an issue had been framed and a verdict rendered. A motion for a reargument or to rescind the order discharging the rule for a new trial and to enlarge the issue would have opened the way for an application for the relief sought.

But had the proceeding been regular the relief could not have been granted. The new ground of defense set up was known

to the defendant at the time of the second trial. It is alleged in the petition that it was developed at that trial by cross-examination of the plaintiff. No effort was made to take advantage of it then, or at the next trial, which took place six months later. It was not a new ground of defense based on after-discovered evidence, and it was not a ground of defense at all.

Want of consideration is not a defense in an action on an accommodation note in the hands of a third party who has taken it as collateral security for an antecedent debt. The maker or indorser of accommodation paper may defend on the ground of fraud in the procurement or use of the note, and in this respect it is governed by the same rules that apply to commercial paper generally, but he cannot set up as a defense that it was given without consideration and pledged for a preëxisting debt. The decision in Royer v. Keystone National Bank, 83 Pa. 248, is in harmony with the rule stated in Lord v. Ocean Bank, 20 Pa. 384, and numerous other cases, that accommodation paper is a loan of the maker's credit without restriction as to the manner of its use. The syllabus in that case may be misleading, as it states the rule broadly, and without reference to the facts of the case. It does not appear from the report of the case that the note was an accommodation note, but it does appear that it was given for a specific purpose, and fraudulently used by the payee, and the decision is distinctly based upon that ground. See Carpenter v. Bank, 106 Pa. 170.

The order of the court is affirmed at the cost of the appellant.