## Longacre v. Robinson et al., Appellant.

*Promissory notes—Renewal—Defense to original note—Collateral—Waiver—Statute of limitations.*

1. One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or for false representations by the payee, etc., waives such defense and cannot set it up to defeat or to reduce a recovery on the renewal note.

2. Where a judgment note was given as collateral security for the payment of the original note, anything done by way of renewal of the original note, inured to the benefit of the judgment entered of record on the collateral note.

3. If a real debt is barred by the statute of limitations, recourse may be had to the collateral given to secure it.

Argued February 14, 1922. Appeal, No. 214, Jan. T., 1922, by defendant, I. Robinson, from order of C. P. Schuylkill Co., July T., 1920, No. 457, discharging rule to open judgment, in case of E. D. Longacre v. Ida Robinson and I. Robinson. Before MOSCHZISKER, C. J.,

FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Rule to open judgment.
The opinion of the Supreme Court states the facts.
Rule discharged in opinion by BERGER, J.
Defendant, I. Robinson, appealed.

*Error assigned,* inter alia, was order, quoting it.

*James J. Bell,* with him *Henry Houck,* for appellant.

*M. M. Burke,* with him *P. H. Burke,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 10, 1922:

The reasons assigned in the court below to open the judgment in this case were, (1st) the note on which judgment was entered was given in payment of an automobile truck of a capacity of two and a half tons, whereas the one delivered was three-quarters of a ton, and (2d) the truck was known to have been purchased for a special purpose and, to meet that purpose, certain requirements were demanded; the truck did not meet those requirements.   Plaintiff knew this and promised to remedy the defects, but never did so.   The court below discharged the rule to open.

There is no doubt the truck performed badly, and plaintiff knew all about it; on many occasions he or some representative of the truck company undertook, with more or less success, to repair or exchange certain parts; defendant, though constantly complaining, used the machine, traveling many thousands of miles, and, finally, made an ineffective effort to return it.   When it was purchased, in addition to the judgment note, on which this appeal is based, there was executed and delivered a promissory note, due three months after date; when this latter note became due, defendant, with full knowledge of the defective condition of the truck, executed a re-

newal note to the bank then holding it.  The court below found from this, defendant was not induced to execute the renewal by any promise made by the plaintiff; it was made with full knowledge of the facts, voluntarily, and without reserving any right to him arising from the truck's defective condition; he thereby waived the defense of failure of consideration.  The time for him to have acted, safeguarding any right he had, was when the bankable note was presented for renewal; at least he must not place others in jeopardy by impliedly asserting as true things that are not.

The governing principle is expressed in 8 C. J. 444, where it is said, "one who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, or of false representations by the payee, etc., waives such defense and cannot set it up to defeat or to reduce a recovery on the renewal note."  See also Hitchner W. P. & P. Co. v. Shoemaker, 75 Pa. Superior Ct. 520, 523.

The appellant, however, assumes the court below misconceived the law,—in that the renewal was made of a promissory note indebtedness, not the judgment note entered of record and now before this court.  The latter was the collateral obligation, having no connection with the negotiable note in the hands of the bank, the contest being between the holder of this collateral instrument, and the maker thereof.  It is not contended this is an effort to claim for two sums representing the same indebtedness, but, says appellant, the renewal affected only the instrument dealt with, not the collateral.

Anything done by way of renewal, payment or acknowledgment of the primary indebtedness inures to the benefit of the collateral; they are parts of the same thing, —one indebtedness.  When the defendant acknowledged the sale as being complete by renewal three months after date of the negotiable note, that inures to the benefit of the collateral judgment of record, as well as the note for which the judgment stood.  The waiver with respect

to the primary obligation was carried on to the collateral, its integrity being thereby protected in so far as it related to the particular subject under consideration. Had the real debt been barred by the statute of limitations, recourse might be had to the collateral given to secure it: Hartranft's Est., 153 Pa. 530, 533; Kulp v. Brant, 162 Pa. 222, 227; Delaware Co. Trust, etc., v. Haser, 199 Pa. 17, 25, 26.

The decree of the court below is affirmed.