# First National Bank of Pittsburgh, Appellant, *v.* Dowling.

*Promissory notes—Renewals—Defenses—Failure of consideration—False representations—Waiver—Silence.*

1. When one gives a note in renewal of another note, with knowledge of a partial failure of consideration for the original note, or of a false representation by the payee, he waives such defenses and cannot set them up to defend a recovery on the renewal note.

2. Where a person borrows money from a bank on a note and it is understood that the proceeds should be paid to another bank and applied to the payment of an indebtedness of the maker to such bank, and the maker, with knowledge that the proceeds although paid to the other bank had not been applied as agreed upon, renews his note twice, and makes payment on account thereof, he cannot defend in a suit on the last renewal note on the ground that the plaintiff bank had not given notice to the other bank as to the application of the proceeds of the original note.

3. In such case the maker could not affirm the validity of the original transaction, by giving renewals, and later disavow it after depriving the agent of the opportunity to make itself whole from the third person; his silence as to his defense when he ought to have spoken, precludes him from being heard, when he should be silent.

Argued March 16, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 30, March T., 1926, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1924, No.

1652, on verdict for defendant, in case of First National
Bank of Pittsburgh v. J. W. Dowling.  Reversed.

Assumpsit on a promissory note.  Before REID, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for defendant.  Plaintiff ap-
pealed.

*Error assigned* was refusal of plaintiff's motion for
judgment n. o. v., quoting record.

*Gifford K. Wright,* of *Alter, Wright & Barron,* for ap-
pellant, cited: Schenck's App., 94 Pa. 37; Dunn v.
Bank, 204 Pa. 53.

*Greer McIlvain,* of *McIlvain, Murphy & Mohn,* for ap-
pellee, cited: First Nat. Bank v. Rogers, 198 Pa. 627;
Pittsburgh & Steubensville R. R. v. Gazzam, 32 Pa. 340.

OPINION BY MR. JUSTICE KEPHART, May 3, 1926:

Appellee, in October, 1920, was indebted to the Lin-
coln Deposit & Trust Co., a bank in Altoona, in the sum
of $8,000, evidenced by a promissory note.  On October
4th. of the same year, appellee borrowed from the First
National Bank of Pittsburgh, a like sum, giving therefor
his note with Albright, president of the Lincoln bank, as
endorser.  Four hundred shares of the capital stock of
the Manufacturers Coal Company were deposited as col-
lateral.  It was the understanding between appellant,
appellee, and Albright that the proceeds of the note were
to be forwarded to the Altoona bank to pay the money
borrowed on the note first mentioned.  The proceeds of
the note were duly credited to the Lincoln bank, which
was immediately advised of that fact; they were not
applied by that bank on appellee's note.  Albright, its
president, the endorser, claiming the funds as his own,
had this amount transferred from the Lincoln general

account to his personal one.   He used the money and defaulted.

The note in the Lincoln bank, to which was attached 100 shares of the Silica Brick Company's stock as collateral, became due sometime after October 4, 1920.   A short time later, appellee received a slip from the Lincoln bank, requesting payment of the interest due on the note it held.   While surprised that the obligation was not paid, he took no action whatever to discover the reason.

The note in appellant bank was due February, 1921, and notwithstanding appellee had full knowledge of the fact that his note in the Lincoln bank had not been paid, he then renewed the note in appellant's bank.   The next time the note fell due he again renewed it and continued doing so every four months until October 8, 1923, when this action was brought.   Payments, in various amounts, were made in 1923, and this claim is to recover the balance then due, $7,163.35.   The court below submitted all questions to the jury, who found for appellee, the defendant, which finding was not disturbed. By the verdict the jury found that appellant did not give the notice to the Lincoln bank, as to the application of the proceeds.

It is of little moment how we may consider the character of the relationship between appellant and appellee from the circumstances attending the loan.   Whether the omission to give notice amounted to a failure of consideration or the default of an agent, the result to be reached will be the same.   Applying governing principles to the first proposition, the case clearly falls within the rule laid down in Longacre v. Robinson, 274 Pa. 35, 37: "When one gives a note in renewal of another note, with knowledge of a partial failure of consideration for the original note, or of a false representation by the payee, he waives such defenses and cannot set them up to defeat a recovery on the renewal note," or as stated by Daniel on Negotiable Instruments, vol. I, section

205, "......if at the time the renewal was executed, the parties signing knew of the fraud in the original or of the failure of consideration, they will be regarded as purging the contract of the fraud, or of the defense of failure of consideration, and cannot plead it." As to the duty to exercise ordinary diligence in the ascertainment of rights, see Padgett v. Lewis. 54 Fla. 177, 45 So. 29.

Here it is not questioned appellee knew the credit had not been properly applied by the Lincoln bank. He knew that note had not been paid and he would be called on to meet it. Notwithstanding this knowledge, he deliberately executed the renewal to the Pittsburgh bank several times during the two years before suit, and made payments on the indebtedness. He now attempts to escape responsibility because, as he alleges, the Pittsburgh bank violated the trust or confidence reposed when it failed to give notice as to the application of the proceeds as stipulated for, applying the rule stated in 7 C. J. 632, and followed in First National Bank v. Rogers, 198 Pa. 627, 628. The principles there announced do not apply to the facts in this action. This is not the case of a bank refusing to apply deposits to a particular purpose, where the bank acts as the agent of the depositor, but of the legal relations which flow from the acknowledgment of an indebtedness after knowledge of a default in a promise by the payee which was part of the consideration for the promise. We need not consider the question of the president's knowledge being the knowledge of the bank.

Nor is this a case of appellant acting as an agent in transmitting the information to the Lincoln bank. Even assuming that it is, however, appellee knew, when he received the demand for interest from this bank, that his instructions had not been carried out somewhere along the line. Had proper steps been taken, his agent, appellant, could have proceeded in some way to eliminate or reduce the loss. This was a substantial right that appellee could not, at least negligently, injure.

Appellee could not affirm the validity of the original transaction, by giving renewals, and later disavow it after depriving the agent of the opportunity to make itself whole from the third person. Had some action been taken at once or within a reasonable time after the principal discovered the default, appellant might not now complain. The questions as to whether the understanding was in existence and whether the notice required thereby was given would have been immediately raised. ' There was never any denial of liability to the Pittsburgh bank until 1924. In the meantime payments were made on account of the note to appellant. Appellant was never given an opportunity to enforce any right it might have had against the Altoona institution. Consequently appellee is now estopped from setting up failure to give notice as a defense; his silence as to this defense, when he ought to have spoken, precludes him from being heard, when he should be silent.

The court below seemed to be of opinion that appellee was protected because he did not know the Pittsburgh bank had not given notice of the application of credit to the Lincoln bank. Appellee knew the money was to be used to pay off his Lincoln bank note. That was not done. Knowing that fact, whether instructions were sent or not by the Pittsburgh bank, it was his duty, in the exercise of ordinary diligence, to ascertain why his note was not paid: Padgett v. Lewis, supra; Montfort v. American Guano Co., 108 Ga. 12, 33, S. E. 636. He would then have learned, if it was a fact, that the Pittsburgh bank had not given the notice. His further duty, before giving the renewal note, which admitted the indebtedness without reservation, was to notify the Pittsburgh bank of what had occurred.

The case, however, is clearly within Longacre v. Robinson, supra; Schenck's App., 94 Pa. 37; Dunn v. Columbia Nat. Bank, 204 Pa. 53. The court below erred in not applying the doctrine of these cases, and, as the

record now stands, appellant is entitled to judgment n. o. v.

Judgment is reversed and the record is remitted with directions that judgment n. o. v. be entered in appellant's favor.