Terre Hill National Bank, Appellant, *v.* Sensenig.

Argued November 12, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Harris C. Arnold,* and with him *M. G. Schaeffer*

and *John A. Coyle,* for appellant.—Defendant failed to establish a valid defense: Sheaffer v. Brown, 281 Pa. 114.

*G. T. Hambright,* and with him *John E. Malone,* for appellee.—The defendant's testimony being to the effect that the note in suit was given purely for the accommodation of the plaintiff and plaintiff's testimony in contradiction thereof being to the effect that it was given in exchange for another note. The matter was properly for the determination of the jury: Tasker's Appeal, 182 Pa. 122; Simons v. Fisher, Receiver, 55 Fed. Rep. 905; Lackawanna Trust Company v. Carlucci, 264 Pa. 226; Peale v. Addicks, 174 Pa. 543.

OPINION BY TREXLER, J., March 1, 1929:

The Terre Hill National Bank brought this suit against M. M. Sensenig, the defendant, to recover the amount claimed to be due on a note of which the following is a copy: "$2,000 Terre Hill, Pa., February 2, 1926. On demand after date I promise to pay to the order of the Terre Hill National Bank at The Terre Hill National Bank (No. 9175, demand) two thousand dollars, without defalcation for value received. Credit the drawer. M. M. Sensenig."

The circumstances which led to the giving of the note as narrated by Sensenig, the defendant, were that on the date the note was given, Talley, who was then the cashier of the plaintiff, called him by telephone and requested him to come to see him. When Sensenig arrived at the bank, Talley took him into the directors' room, locked the door and told him that there was a Chester County farmer who had a note of $2,000 and the bank examiner "did not accept it any longer, it has got to be paid," that if Sensenig would give him his note he would never hear anything at all about it, that they would place it with the other note and that Sensenig would do the bank a great

favor, and at the same time give the Chester County farmer time to pay it; that the Chester County farmer was all right, only that he could not pay it at that time and that Sensenig need not worry about it. The note in question had been prepared in typewriting before he came to the bank; Sensenig signed the note and before he left the bank, but after the note had been signed, Talley gave him another note drawn to Sensenig's order which was signed by one named Martin and endorsed by Talley and several others. Talley told him to put the latter away and not show it to anyone. The note was not given to Sensenig at his request and he said it was not received in exchange for the note in suit. There was no Chester County farmer who had a note in bank for $2,000 such as Talley had described.

Talley's story was to the effect that there was "some paper down there of Chester County farmers'," not, however, any such note as Sensenig testified to, that the examiner had made "the board take those up so that they could work it out so that everybody concerned could be paid the amounts and the notes could again be charged back; that the board had taken that up and raised the money; that he told Sensenig about these matters that the board wanted to clean up matters and that they could not do this with their own notes and that he would hand him one for the same amount." He did not give the defendant or anyone else credit for the note, it was just an exchange of notes. Of course, it was for the benefit of the bank, he says, and the bank got credit for it. He admits that he told Sensenig that he was not to pay any part of the $2,000, that the understanding was that when Talley would give him back his note, Sensenig would give back Martin's note.

If there was an exchange of notes, it formed a valid consideration and the plaintiff was entitled to recover.

The court left this to the jury and their verdict establishes the fact that Sensenig did not accept the Martin note in exchange for his own.

Plaintiff's counsel argues that the court should have entered judgment n. o. v. He claims that the bank was a holder of the note in due course and that the defense as to lack of consideration was not available against it. The note in question is made payable directly to the bank. Sensenig never received credit for it and he owed the bank nothing. The cashier says, "It was not placed to anybody's credit." The only entry in the bank is in the day-book, "M. M. Sensenig ........ $2,000." Talley testified that the above item showed that the note was discounted but that was merely his construction of the entry. He was unable to tell who got the proceeds of it. The whole matter is left in confusion, but this is certain that according to both witnesses to the transaction, the note was given to help out the bank and as the note was payable to the bank, the equities still attach to it and there being no consideration, the bank cannot recover from the maker. Sensenig was lending his credit to the bank to overcome an embarrassing situation, the jury found that he got nothing for his note and as long as the note did not pass to a third party, in due course, he was not liable. Talley, the plaintiff's witness, declares that the note was given solely for the benefit of the bank. He did not pass it to the bank as his property. If that had been the purpose, the note would have more likely borne his name as payee. The bank could not discount its own paper, that required the intervention of a third party who furnished the money and obtained the note. It evidently did not pass it to anyone else. The bank still has the note and we repeat Sensenig owes the bank nothing by reason of it.

The party for whose accommodation paper has been made acquires no rights against the accommodating

party who may set up the want of consideration as a defense to an action by the accommodated party since as between them there is no consideration, a fact which is always a defense to a suit on negotiable paper between the immediate parties: Lackawanna Trust Co. v. Carlucci, 264 Pa. 226. We think the verdict of the jury should stand.

The appellant urges there was error in the submission in that the court told the jury that, "Certain it is that the Sensenig note was never discounted by the board of directors of the Terre Hill National Bank, and that the proceeds of it were never placed to the individual account of any one. All that appears is, an entry on one of the books of the bank, stating the note and amount." The appellant took a general exception to the charge. If this was a misstatement of fact, the attention of the court should have been drawn to it, but we need not invoke a technical rule to sustain the court in the matter. There was no evidence that the note was discounted. The assertion of the witness, Talley, that the note had been discounted might be of value if he was stating a fact, but as we have indicated before, it was merely an expression of opinion as to what was intended by the entry in the book, to wit: "M. M. Sensenig......$2,000." The entry had not been made by the witness. His declaration as to what he thought the entry meant was not evidence and proved nothing. The witness said, "It was not placed to anybody's credit," which negatived the idea that it had been discounted. There was no competent evidence showing that the note was discounted and the remark of the court was justified.

The court charged, "he (Sensenig) was not concerned in the bank so far as it appears, nor did he sign for the benefit of any individuals." If this statement were incorrect, it would hardly call for a reversal and "so far as it appears" the defendant was led to sign the note for the benefit of the bank and to

keep the imaginary Chester County farmer from having his property sold at sheriff's sale. We find nothing wrong in the negative statement of the court.

We think the court properly submitted the disputed fact to the jury and the verdict should not be disturbed. The judgment is affirmed.