Warren National Bank *v.* Jamieson, Appellant.

Argued May 13, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Charles J. Margiotti,* with him *Earle MacDonald, W. M. Gillespie* and *S. C. Pugliese,* for appellant.—A national bank has no power to deal in stocks, cannot therefore acquire the stock of another corporation except as incidental to its power to loan money on personal security: First Nat. Bank v. Anderson, 172 U. S. 573; Fidelity T. & T. Co. v. Bank, 277 Pa. 401; Germania Nat. Bank v. Case, 99 U. S. 635.

The cashier of a bank is its chief financial agent, through whom its principal financial dealings are conducted in accordance with general usage, practice and course of business of banks, and accordingly his acts, within the scope of such general usage, will bind the corporation in its business dealings with third persons without notice of limitations on the authority of the officer: Brown v. Bank, 288 Pa. 478; Lloyd v. Bank, 15 Pa. 172; Martin v. Webb, 110 U. S. 7; Citizens Bank v. Lipschitz, 296 Pa. 291.

Silence, with knowledge of the agreement is a ratification where one is prejudiced by such silence: Goldbeck v. Bank, 147 Pa. 267; Hughes v. Bank, 110 Pa. 428; Winton v. Little, 94 Pa. 64; Kelsey v. Bank, 69 Pa. 426; Farmers Bank v. Bank, 165 Pa. 500; Thompson v. Trust Co., 84 Pa. Superior Ct. 183, 190.

An agreement on the faith of which a loan is negotiated and collateral deposited, though in excess of authority, will fix liability for failure to perform: Montooth Boro. v. Ry., 206 Pa. 338; Caldwell v. Trust Co., 291 Pa. 35.

Want of authority is no excuse for nonperformance of a contract by one who has derived benefit therefrom: Pittsburgh, etc., R. R. v. R. R., 196 Pa. 452; McBride v. Paper Co., 263 Pa. 345; Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; Mohrfeld v. Bldg. Assn., 194 Pa. 488.

It is duty of holder of collateral to preserve it: Girard Fire Ins. Co. v. Marr, 46 Pa. 504; Bank of United States v. Peabody, 20 Pa. 454; Hanna v. Holton, 78 Pa. 334; Muirhead v. Kirkpatrick, 21 Pa. 237.

Subsequent conduct is not an estoppel where there is no deception or prejudice: Silliman v. Whitmer, 11 Pa. Superior Ct. 243; Sensinger v. Boyer, 153 Pa. 628.

*W. S. Clark,* with him *W. Pitt Gifford* and *J. H. Alexander,* for appellee.—The Warren National Bank, as a national bank, had no authority to engage in the buying and selling of stocks for another, nor could its cashier or vice-president bind the bank by engaging in the buying and selling of stocks for another, and the bank cannot be held responsible for the consequences: First Nat. Bank v. Anderson, 172 U. S. 573; First Nat. Bank v. Bank, 92 U. S. 122; Simons v. Fisher, 55 Fed. 905; Fowler v. Scully, 72 Pa. 456; Culver v. Real Est. Co., 91 Pa. 367; Bosshardt v. Oil Co., 171 Pa. 109.

Defendant's counterclaim cannot be supported on the basis of the relationship of pledgor and pledgee between himself and the plaintiff bank.

The repeated renewal by the defendant of his notes and his payments upon the same and the additional collateral furnished by him on the same, after he had full knowledge of the facts on which he bases his defense and counterclaim, constituted a waiver of his right to set up such defense: Hitchner v. Shoemaker, 75 Pa. Superior Ct. 520; Lincoln Nat. Bank v. Miller, 255 Pa. 467; Longacre v. Robinson, 274 Pa. 35.

The agreement claimed by defendant under which he and the officer, Sill, arranged for the making of the renewals so as to get the notes in bankable form, so that

48

there would be no question from the bank examiner, constituted an illegal transaction which defendant cannot set up to change the effect of such renewals: Bangor T. Co. v. Christine, 297 Pa. 64.

The effect of the renewals and payments and additions to collateral made by defendant over a period of years is not a matter of estoppel prejudicing plaintiff bank, but is a matter of waiving his defense by such conduct.

OPINION BY MR. JUSTICE SCHAFFER, June 21, 1930:

Plaintiff's action is to recover from defendant the amount due on six promissory notes, representing money loaned by it to him aggregating in amount $85,343.75 with interest. The trial judge instructed the jury to render a verdict in plaintiff's favor and from the resulting judgment we have this appeal by defendant.

The defense attempted to be made was that the bank, through its cashier, had entered into an agreement with defendant to sell 3,000 shares of White Oil Corporation stock, pledged by him as collateral for his obligations, which was then selling on the New York Stock Exchange for $137⁄8 per share, and with the proceeds thereof to buy for defendant Texas Company stock at $42.50 per share, its then price on the exchange, and to hold the latter securities as collateral in place of the White Oil stock. It was alleged that the bank failed to make the sale and purchase, as the cashier, acting in its behalf, had undertaken to do and that the White Oil stock declined in value until it was worth only thirty cents a share, whereas the Texas Company stock increased in value until it became worth $54 per share. Defendant set up a counterclaim exceeding the amount of the notes sued on by more than $6,000 resulting from the breach of the alleged agreement, made up of:

| | |
|---|---|
| Loss in value of White Oil Corporation stock | $40,500.00 |
| Interest on same .......................... | 13,972.50 |
| Loss in enhanced value of Texas Company stock which should have been purchased ... | 14,771.50 |

| | |
|---|---:|
| Interest on same .......................... | $517.00 |
| Amount of dividends which should have accrued on Texas Company stock if same had been purchased as directed by defendant .. | 15,724.50 |
| Interest on same .......................... | 2,732.20 |
| Total ................................. | $88,217.70 |

Whether any such extraordinary claim as a defense to the notes would be entertained may be open to doubt. If counterclaims of such a character to just demands for the repayment of borrowed money could be successfully asserted, it would afford a very convenient avenue of escape from the payment of commercial paper, particularly in instances such as this, where the cashier, who is alleged to have made the agreement, was dead at the time of the trial and plaintiff handicapped by the silencing of his voice in denial of the making of the agreement. Defendant asserted not only the agreement with the cashier, but that the latter had many times promised in the bank's behalf that it would make up the loss to defendant by the failure to carry out its undertaking and would see that he suffered no loss. Defendant further asserted that when the various notes came to be renewed, and he objected to renewing them, the cashier would cause him to sign the renewals by the assurance that he would be taken care of and suffer no loss

A number of questions are discussed by appellant which he urges should bring about a reversal of the judgment against him and the grant of a new trial. No purpose would be served by a discussion of all of them, as two firmly established legal principles demolish his defense. First, he renewed the notes after his alleged claim for damages arose. Second, he says he renewed them to give them the aspect of valid obligations, when in reality he owed nothing on them, "so [as he says the cashier told him] that there will be no question from the bank examiner."

The alleged agreement between defendant and the cashier took place on October 28, 1921. Subsequent to that date and down to June, 1926, appellant renewed the notes at intervals of three to six months. He not only renewed them, but paid discount on all of them during this period, amounting to about $5,000 a year, and, in addition, made substantial payments on account of the principal of the notes. Not alone these, but he pledged additional collateral for them, including insurance policies on his own life amounting to $31,000. Under such circumstances, he cannot set up the agreement antecedent to the renewals as a defense: Longacre v. Robinson, 274 Pa. 35; First Nat. Bank of Pittsburgh v. Dowling, 286 Pa. 483; Ebensburg Trust Co. v. Pike, 296 Pa. 462.

The renewal notes having been made by defendant in order to deceive the bank examiner, he is bound by them as their face discloses: First Nat. Bank of Greencastle v. Baer, 277 Pa. 184; First Nat. Bank of Hooversville v. Sagerson, 283 Pa. 406; Bangor Trust Co. v. Christine, 297 Pa. 64.

The assignments of error are overruled and the judgment is affirmed.