First National Bank of Williamsburg, for use, *v.*
Smith, Appellant.

Argued March 16, 1938.

74

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Bernard Jubelirer,* for appellant.

*Frank B. Warfel* with him *B. F. Warfel,* for appellee.

OPINION BY CUNNINGHAM, J., June 27, 1938:

By virtue of a power of attorney contained in a note for $700, not under seal, signed by Ralph A. Smith (doing business as The Forest Service Company) on December 28, 1932, and payable three months after date to the order of the First National Bank of Williamsburg, Pa., a judgment was confessed against the maker by the payee at the June Term, 1937, of the court below, and an execution issued thereon.

On August 20, 1937, the defendant presented his petition for, and obtained, a rule to show cause why the execution should not be stayed, the judgment opened, and petitioner permitted to make a defense thereto. The plaintiff filed its answer and, after a hearing before the court below, the rule was discharged. This appeal is by the defendant from that order.

The record as returned is not in satisfactory form; important documents referred to in the testimony were not offered in evidence; and neither side presented the material facts as fully as they should and could have been developed. No evidence was offered at the hearing by the appellee bank in support of the averments of its answer; the only testimony before the court was that of appellant and a witness called by him. Concededly, the note upon which the judgment was entered and the execution issued was a renewal note and bore a notation to that effect upon its face. It was the last of a series of notes for the same amount and of the same tenor, the original note having been given, as near as we can discover, sometime in 1930, and the note immediately preceding the one in question on February 11, 1932.

Appellant, in his petition to open, set up two defenses: (a) that he received no consideration of any kind for the original note, or any renewal thereof, and (b) that the note was to be canceled through the receipt by the bank of certain royalties from lumber operations, which it was anticipated would become due from appellant, but which royalties had not accrued when the execution issued. The appellee averred the note had been given "to take up worthless checks" of appellant which appellee had honored, but we find no evidence upon the record, either by proofs or admissions, relating to such checks with the exception of four small ones, aggregating $50.10 and dated subsequent to the date of the original note. As we understand the contention in behalf of appellee, it is that as the note in suit was a renewal note the facts testified to by appellant and his witness, even if accepted as verity, would not constitute a defense against its payment. Relying upon this proposition of law, counsel for appellee apparently deemed it unnecessary to adduce any evidence in support of its answer. The court

below seems to have adopted that position. We have not been given the benefit of an opinion by it, but the record shows this statement by its learned President Judge, PATTERSON, at the conclusion of the hearing: "I think the case cited (*First National Bank of Pittsburgh v. Dowling,* 286 Pa. 483, 133 A. 793) controls this case."

We are led by our review of the record to the conclusion that the order appealed from was the result of inadvertently misapplying the law to the facts appearing from the testimony of appellant and his witness, which testimony, as we have said, was not controverted by appellee. More specifically, we think the court below failed to distinguish properly between the defenses of *want* or *lack* of consideration and total or partial *failure* of consideration. This case is between the original parties and the legal effect of the giving of the renewals is dependent upon the nature of the defense asserted against the original note. As will appear later, if that defense is *want* of consideration, appellant would not be estopped from making it by the fact that he renewed the note from time to time. When we turn to the record we find appellant testifying that the original note was given under these circumstances:

In December of 1929 appellant leased 1,255 acres of timber from one A. J. Detwiler. The lease (which was not offered in evidence but has been printed in a supplement to the record) was for a period of ten years and provided, inter alia, that appellant would pay Detwiler, as royalties, 20% of the gross sale price of all timber sold from the leased premises. At the date of the lease Detwiler was individually indebted to appellant in the approximate amount of $3,000, and it was agreed that as royalties became due to Detwiler under the lease appellant should apply them toward the reduc-

tion of Detwiler's indebtedness to him until the same should be paid.

On May 12, 1930, Detwiler, being also indebted to appellee in a large amount, assigned to it all his interest in the royalties accruing under the lease, to secure all indebtedness then due or to become due from him. Both appellant and Detwiler testified appellee knew of appellant's prior rights in the royalties when it took the assignment from Detwiler.

Appellant's testimony with relation to the execution of the original note reads: "Q. Mr. Smith, did you execute a $700 judgment note in favor of the Williamsburg Bank, the plaintiff in this action? A. I think so; yes. The First National Bank. The bank in which Mr. Shelley was. I just don't remember the name of the bank. Q. At that time was Mr. Shelley president of the bank? A. Yes. Q. Will you state under what circumstances you executed that note? ...... A. Mr. Shelley told me that he held some notes of Mr. A. J. Detwiler and that they were back in the interest or in bad shape, and that the bank examiner was coming and he wanted to know if I would give him a note for this amount and he would renew it from time to time until the operation would pay for it. Q. Did you at anytime receive that $700? A. No. I received no money from them. There was no money received. Q. Is there to the present time any money or monies due and owing the Williamsburg Bank by reason of their assignment of the interest of A. J. Detwiler under the royalties in that agreement? A. No, there is not. Q. Then you are not indebted to the Williamsburg bank in the amount of $700 by reason of this judgment note? A. No."

Appellee averred in its answer that appellant at the time execution issued owed $15,333 in royalties, but offered no proof in support of the averment.

Regardless of other defenses, appellant would have

a valid defense if he could show that the note in suit was payable only out of a specific fund, and that this fund had not come into existence: *Second National Bank of Reading v. Yeager*, 268 Pa. 167, 111 A. 159, and cases cited at page 169. But for present purposes this contention may be considered as a subsidiary matter as the facts with relation to it have not been sufficiently developed for a court to pass upon it.

The same may be said concerning the reference in appellant's testimony to the coming of a bank examiner. If it should appear that a maker knowingly gave either an original or a renewal note for the purpose of deceiving bank examiners, he would, under our decisions, be estopped from asserting lack of consideration as a defense: *First National Bank of Greencastle v. Baer et al.*, 277 Pa. 184, 120 A. 815; *First National Bank of Hooversville v. Sagerson et al.*, 283 Pa. 406, 129 A. 333; *Bangor Trust Co. v. Christine*, 297 Pa. 64, 146 A. 545; *Warren National Bank v. Jamieson*, 301 Pa. 45, 151 A. 672; *First National Bank of Bangor v. Beck,* 325 Pa. 117, 188 A. 909. Here, again, the facts have not been fully developed.

We pass, therefore, to the substantial question involved upon this appeal. Appellant's testimony, as above quoted, is tantamount to saying that absolutely no consideration passed, or was intended to pass, to him when the original note was given.

Want or lack of consideration is always a defense to a suit on an unsealed note between the immediate parties: *Terre Hill National Bank v. Sensenig*, 95 Pa. Superior Ct. 368, 371, 372, (defendant's note given bank cashier without consideration and to help the bank); *Lackawanna Trust Co. v. Carlucci*, 264 Pa. 226, 107 A. 693, (defendant's individual note given bank at treasurer's request, without consideration, on bankruptcy of defendant's company); and *Grubb v. Cottrell et al.*, 62 Pa. 23.

Accepting, as we must in the present state of the record, the statements of appellant relative to the circumstances under which the original note was given, the controlling inquiry is whether the giving by appellant of the renewal notes estops him from now defending against the last renewal note upon the ground of want of consideration.

It is firmly established in this state that a renewal of the original note waives the defense of total or partial *failure* of consideration, or, as it is sometimes stated, a maker, having knowledge of either total or partial failure of consideration at the time he renews a note, is estopped from asserting such defense: *Longacre v. Robinson et al.*, 274 Pa. 35, 117 A. 408; *First National Bank at Pittsburgh v. Singer et al.*, 322 Pa. 207, 208, 185 A. 647; *First National Bank of Pittsburgh v. Dowling*, supra, hereinafter discussed; *Warren National Bank v. Jamieson*, supra; *Ebensburg Trust Co. v. Pike*, 296 Pa. 462, 146 A. 122; *Hitchner Wall Paper & Paint Co. v. Shoemaker*, 75 Pa. Superior Ct. 520; *Whipple v. Lewis*, 74 Pa. Superior Ct. 48.

There is, however, a clear substantive distinction between *lack* or *want* of consideration on the one hand, and total or partial *failure* of consideration on the other. It is plainly pointed out in *Killeen's Estate*, 310 Pa. 182, 165 A. 34. The instrument there involved was an original non-negotiable note under seal. In the course of the opinion Mr. Justice KEPHART (now Chief Justice) said: "The further contention was failure of consideration. This note was under seal. In Pennsylvania a seal is more than mere presumptive evidence of consideration. It imports consideration *(Yard v. Patton*, 13 Pa. 278, 284), and therefore want of consideration is no defense to an action on the sealed instrument: *Dominion Trust Co. v. Ridall*, 249 Pa. 122, 125; *Cosgrove v. Cummings*, 195 Pa. 497; *Clymer v. Groff*, 220 Pa. 580. There is, however, a distinction

between want and failure of consideration: want of consideration embraces transactions or instances where none was intended to pass, while failure of consideration implies that a valuable consideration, moving from obligee to obligor, was contemplated: *Meek v. Frantz,* 171 Pa. 632. Want of consideration is no defense [in this case], as this would contradict the terms of the instrument, while failure of consideration does not contradict the terms of the instrument, but shows that the consideration contemplated was never received: *Piper v. Queeney,* 282 Pa. 135, 142."

This distinction is controlling, in principle, on the matter of defenses to a renewal note. Where no consideration has been given for an original unsealed note, there is, as between the immediate parties, no enforceable contract or promise, and no amount of renewal, without additional consideration being received, will furnish a basis for waiver or estoppel. As Mr. Justice HARLAN, of the Supreme Court of the United States, remarked in *King v. Doane,* 139 U. S. 166, 11 Sup. Ct. 465, 35 L. ed. 84 at page 172: "The mere renewal of a note does not, as between the original parties, affect the essential nature of the transaction represented by it (citing cases)."

There are several Pennsylvania cases in which a defendant has been permitted to set up a total lack or absence of consideration in a suit on a renewal note. In *Paxson v. Nields,* 137 Pa. 385, 20 A. 1016, a note given by a widow in payment of a debt due by her deceased husband's insolvent estate, and subsequently renewed from time to time, was held invalid and unenforceable; the Supreme Court affirmed a directed verdict for defendant. In *Tasker's Estate,* 182 Pa. 122, 37 A. 924, the evidence showed that a decedent had given two $5,000 notes to the claimant bank without receiving any consideration therefor and later renewed both notes. In reversing the orphans' court for allowing

these renewal notes as claims against the estate, the Supreme Court stated (p. 124): "We do not see that it follows necessarily, and as a matter of course, that if a loaned note [i. e. one lacking consideration] is renewed for a number of times, it must be assumed that it never was a loaned note." Similarly, in *Royer et al. v. Keystone National Bank*, 83 Pa. 248, 249, it was said that the mere renewal of a note, where no consideration existed for the original, does not imply a valuable consideration.

In the majority of jurisdictions where the precise point has arisen, it has been held that if a note is given without consideration, a renewal note is open to the same defense: *City National Bank of Auburn, Ind. v. Mason*, 181 Ia. 824, 165 N. W. 103; *Farmers' Bank v. Harris* (Mo. App.) 250 S. W. 946; *Ford v. Ford Roofing Products Co.* (Mo. App.) 285 S. W. 538; *Massa v. Huehnerhoff* (Mo. App.) 59 S. W. 2d 723; *Seager v. Drayton*, 217 Mass. 571, 105 N. E. 461; *Salem Trust Co. v. Deery*, 289 Mass. 431, 194 N. E. 307; *Hurley v. Wilky*, 18 Ariz. 45, 156 P. 83; *Ladd v. Anderson* (Civ. App. Texas) 89 S. W. 2d 1041, 1045. Contra: *American National Bank v. Jorden*, 123 Okla. 151, 254 P. 706.

In the case of *City National Bank v. Mason*, supra, the Supreme Court of Iowa held: (165 N. W. 103, 104): "The law is well settled that, if a promissory note is without consideration, a renewal thereof, even though extending the time of payment, also is without consideration. *Paxson v. Nields*, 137 Pa. 385, 20 A. 1016; *Seager v. Drayton*, 217 Mass. 571, 105 N. E. 461; *Wheelock v. Berkeley*, 138 Ill. 153, 27 N. E. 942; 8 C. J. 218, and cases cited in note." Of particular interest are the cases of *Seager v. Drayton* and *Ford v. Ford Roofing Products Co.*, supra.

If the appellee had called witnesses whose testimony contradicted that of appellant and his corroborating witness, it would have been the duty of the court be-

low to pass upon the credibility of the witnesses and determine the weight of the evidence. An application to open a judgment is addressed to the equitable powers of the court and where there is a conflict in the testimony an appellate court will not reverse except for an abuse of discretion: *Reidlinger et al. v. Cameron et al.*, 287 Pa. 24, 134 A. 418; *Spanko v. Trisick et ux.*, 307 Pa. 166, 169, 160 A. 718.

Here, however, the rule to open was not disposed of upon a conflict of testimony, but upon the erroneous conclusion of law that, because the instrument upon which judgment had been confessed was a renewal note, appellant could not interpose the defense of want of consideration.

The case relied upon by the court below, *First National Bank of Pittsburgh v. Dowling*, supra, [286 Pa. 483, 133 A. 793], is clearly inapplicable to the case at bar. The defense there relied upon was not *want*, but *failure*, of consideration.

In the Dowling case the proceeds of the defendant's original note to the plaintiff bank were not applied to reduce defendant's indebtedness to a second bank as agreed upon when the defendant gave the note, but were misapplied to the personal use of the second bank's president. With knowledge that his indebtedness to the second bank had not been paid, defendant gave the plaintiff a series of renewal notes. On analysis, that case is one in which the defense to the last of a number of renewal notes was *failure* of consideration on the original. The consideration passing to the defendant was the plaintiff bank's promise to forward the money, but, although forwarded, it was never applied in accordance with the agreement, i. e., defendant never received what he bargained for; to that extent the consideration failed. He was held liable upon the renewal note in suit expressly upon the ground that by giving

it, with knowledge the promise had not been performed, he waived the defense of failure of consideration.

Under the authorities to which we have referred, appellant, by giving a series of renewal notes, did not waive the defense of want of consideration; his testimony, if believed by a jury, would establish that no consideration passed to him from the appellee when the original, or any renewal, note was given; it follows that the judgment should have been opened. .

The order discharging the rule to open is reversed; the rule is reinstated and the record remitted to the end that it may be made absolute.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.