# Wise's Appeal.

Proceedings in bankruptcy were instituted against A. under the provisions of the United States Bankrupt Act, and were so proceeded in that a discharge was eventually granted to the bankrupt. Pending these proceedings a judgment was entered against A. by virtue of a warrant of attorney accompanying a judgment note given by him before the institution of the proceedings in bankruptcy. A. had no knowledge of the entry of this judgment until the service upon him, long subsequent to his discharge, of a scire facias to revive the same. He thereupon at once made application to have said judgment opened and to be let into a defence. *Held*, that the judgment ought to be opened so that a trial might be had upon the merits, and that the defendant might plead his discharge in bar.

November 17th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Court of Common Pleas, of *Greene county :* Of October and November Term 1881, No. 317.

This was an appeal by Morgan R. Wise from a decree of the said court, discharging a rule to show cause why a certain judgment should not be opened and the said Wise be let into a defence.

The facts, as set forth in the petition of Wise for the rule to show cause, and which were undisputed, were these : On October 27th 1875 Peter Brown and Morgan R. Wise gave to Flenniken & Co. their judgment note for $1,000, for borrowed money, payable three months after date, with warrant of attorney to confess judgment. Judgment was entered by virtue of said warrant of attorney against Peter Brown and Morgan R. Wise, January 21st 1876. A scire facias post annum et diem to revive the lien of the judgment was issued January 14th 1881, and duly served on the defendants. The defendant, Morgan R. Wise, thereupon presented his petition, setting forth that on December 21st 1875 (after the date of said note but before the entry of judgment thereon), he was adjudicated an involuntary bankrupt by the U. S. District Court, and was discharged July 17th 1879; that the said note was a debt provable in bankruptcy; and that he had no knowledge or notice of the entry

of said judgment on the note by virtue of the warrant of attorney, until the service upon him of the scire facias to revive, etc.

The court granted a rule to show cause why the said original judgment should not be opened as to the defendant Wise, and he be let into a defence; subsequently, after argument, the court entered a decree, discharging the said rule, from which decree the said Morgan R. Wise took this appeal.

*Downey* (*Garrison* with him), for the appellant.—The bankruptcy of Wise before entry of judgment on the note was an undoubted defence to a suit on the note, it being a debt provable in bankruptcy. The judgment having been entered upon warrant of attorney after the adjudication in bankruptcy, the court should have opened it to permit the bankrupt to plead such defence: Commonwealth *v.* Huber, 3 Clark 332; Savings Bank *v.* Webster, 48 N. H. 21; Lee *v.* Phillips, 6 Hill 246.

This defence cannot be made in the scire facias to revive the judgment, for in such action, the defendant is confined to matters arising subsequently to the judgment; the original validity cannot be impeached: Hopkins *v.* West, 2 Norris 109; Cordesa *v.* Hume, 6 S. & R. 55; Lysle *v.* Williams, 15 S. & R. 135; Dowling *v.* McGregor, 10 Norris 410; Bradford *v.* Rice, 102 Mass. 472; Thompson *v.* Hewitt, 6 Hill 255.

*C. A. Black,* for the appellee, presented no paper book. He argued that the refusal of the court below to open the judgment was a matter resting within the sound discretion of the court, the exercise of which will not be reversed: Wernet's Appeal, 8 W. N. C. 39; Earley's Appeal, 9 Norris 321; Hickernell's Appeal, Ibid. 328.

Mr. Justice TRUNKEY delivered the opinion of the court, November 25th 1881.

No creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law, or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and such suit shall be stayed upon application of the bankrupt to await the determination of the court in bankruptcy on the question of discharge, but if the amount be in dispute, by leave of said court, the suit may proceed to judgment for the purpose of ascertaining the amount due, and execution shall be stayed: R. S. U. S. § 5106. A discharge in bankruptcy, subject to certain exceptions named in the statute, shall release the bankrupt from all debts, claims, liabilities and demands which were, or might have been proved against his estate in bankruptcy: Id. § 5119.

[Wise's Appeal.]

In an action upon a judgment which was obtained against a defendant, after he was adjudicated a bankrupt, and before his discharge, upon a debt provable under the bankrupt laws, the original debt is merged, and the certificate of discharge granted subsequently is no defence: Bradford v. Rice, 102 Mass. 472. The original debt is merged in and extinguished by the judgment, and the judgment is a new debt which is not affected by the discharge: Thompson v. Hewitt, 6 Hill 255. In New York the practice has been to permit one cast in judgment to avail himself of a bankrupt or insolvent discharge by motion and order for a perpetual stay of execution thereon. This is allowed in cases where he had no opportunity to plead his discharge. If fraud be alleged, as ground for impeaching the discharge, the court would open the case so that that question could be tried. Where a trial had determined the amount due before the petition was filed and the defendant adjudicated a bankrupt, and the judgment entered after the commencement of proceedings in bankruptcy, it was held that a stay of proceedings would not have availed to enable the defendant to plead his discharge, and that he was entitled to an order for perpetual stay of execution : Monroe v. Upton, 50 N. Y. 593.

In a procedure in bankruptcy, on July 17th 1879, Wise was discharged of and from all debts and claims provable under the bankrupt laws of the United States, and which existed on December 31st 1875, on which day the petition for adjudication was filed by his creditors, excepting such debts, if any, as are by said laws excepted from the operation of a discharge in bankruptcy. On January 21st 1876, judgment was entered, by confession, against Wise and Brown, on a note dated October 27th, 1875, by virtue of a warrant of attorney embodied in said note. The first knowledge Wise had of the entry of this judgment was when the writ of scire facias for its revival was served on him January 17th 1881, and he applied for the rule to open the judgment at the term to which said writ was returnable.

Judgments confessed by virtue of warrants of attorney, whether entered in term or vacation, are without the actual knowledge of the court, and without notice to the defendant. While such a judgment stands, there is no difference, in legal effect, between it and a judgment on the verdict of a jury ; but the court in which the judgment is confessed will open it and let the defendant into a defence upon his showing cause : Hopkins v. West, 2 Nor. 109. In the trial of a scire facias on a judgment no inquiry into the merits of the original judgment can be had, and the only defence is some matter arising since the judgment: Dowling v. McGregor, 10 Nor. 410. The original judgment is as conclusive in a scire facias to revive, as in an action of debt upon it. In Pennsylvania it is the right of

[Allen's Appeal.]

a defendant in a judgment confessed against him by virtue of a warrant of attorney, to have it opened when he promptly applies and shows a legal or equitable defence which existed at and before the time it was entered. He need not resort to a court of equity for an injunction against its collection. The appeal to open the judgment is to the equitable powers of the court, and the court, in the exercise of a sound discretion, grants or refuses the prayer as a chancellor would : Kneedler's Appeal, 11 Nor. 428.

This judgment ought to be opened, that a trial may be had upon the merits. It was entered after the commencement of proceedings in bankruptcy against Wise, and before he obtained his discharge. He had no opportunity to ask stay of proceedings until the question of his discharge should be determined. He applied for relief directly after he received notice or knowledge of the judgment, and laches cannot be justly imputed to him. He cannot plead the discharge in bar to the scire facias, but may to the original debt, if the judgment be opened.

The order and decree is reversed, and the rule to show cause why the judgment, as against Morgan R. Wise, should not be opened, is made absolute ; the record to be remitted for further proceedings. Appellees to pay costs of appeal.