## Rothrock Stores et al., v. Panzera, Appellant.

*Negotiable instruments—Holder in due course—Affidavit of defense—Sufficiency.*

In an action on a promissory note an affidavit of defense is sufficient which avers that the notes were obtained from the maker through fraud and misrepresentation of the payee or its agent.

Under the Negotiable Instruments Act every holder is deemed prima facie a holder in due course, but when it is shown that the title of any person who has negotiated the instrument is defective the burden is on the holder to prove that he acquired title in due course and without notice.

An affidavit of defense averring that the instrument, upon which the suit is brought, was obtained from the maker by fraud and misrepresentation, clearly shifted the burden of proof, and the statute itself cast upon the endorsee or use-plaintiff the burden of proving affirmatively, that it had no notice of the fraud, incident to the making of the obligation. It cannot, therefore, demand or obtain a summary judgment.

Argued April 22, 1919.    Appeal, No. 134, April T., 1919, by defendant, from judgment of C. P. Fayette Co., March T., 1918, No. 284, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of The Rothrock Stores, a corporation, for the use of Jersey Shore Trust Company, a Corporation, v. Do-

menick Panzera.   Before ORLADY, P. J., PORTER, HENDER-
SON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Re-
versed.

Rule for judgment for want of a sufficient affidavit of
defense.   Before VAN SWEARINGEN, P. J.

The opinion of the Superior Court states the case.

The court made absolute the rule for judgment for
want of a sufficient affidavit of defense.

*Error assigned* was the decree of the court.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for ap-
pellant, cited: Negotiable Instruments Act of 1901, P. L.
202; Moorhead v. Hernig, 220 Pa. 224-228; Hoffman v.
Foster & Co., 43 Pa. 137; Real Estate Investment Co. v.
Russell, 148 Pa. 496; Second National Bank v. Hoffman,
229 Pa. 429.

*M. C. Rhone,* and with him *A. R. Jackson* and *Playford
& Phillips,* for appellee.

OPINION BY HEAD, J., July 17, 1919:

Our Negotiable Instruments Act (May 16, 1901) deals
with a subject that has long been thought a fit one for
uniformity of legislation by all of the states.   In a large
measure the end sought has been accomplished.   If there
be involved, in the determination of the case at bar, the
question whether or not there has been an implied repeal
of some important provision of this statute by the enact-
ment of a later one (Act of May 4, 1915), due consider-
ation of the fact we have referred to should not be over-
looked.   Section 52 of the Act of 1901 defines a "holder in
due course."   Among the incidents of a negotiable instru-
ment in the hands of such holder, the act declares that it
must have been "negotiated to him (the holder) without
notice of any infirmity in the instrument or defect in the
title of the person negotiating it."   Where the plaintiff in

the action is an endorsee, the provision quoted becomes of much importance. Even in such case the plaintiff was not obliged, prima facie, to offer any proof on that subject. The statute itself declares this shall not be necessary. Section 59 provides, "Every holder is deemed, prima facie, to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he, or some person under whom he claims, acquired the title as holder in due course."

By virtue of the statute therefore, as soon as it appears from the proof offered at the trial, or from a proper affidavit of defense in proceedings like the one before us, that the payee obtained possession of the instrument by force or fraud, the prima facie case of the holder is destroyed and the burden is cast on him to prove affirmatively that he had no notice of the defective title in the person from whom he took the instrument. In Second National Bank v. Hoffman, 229 Pa. 429, we have a leading case on the subject which has been followed by many others. In that case it was said by Mr. Justice BROWN, "The defendant was not required in the first instance to show that the bank had knowledge of the false representations made by McKee to him, for after he had shown, as he clearly did show, that the fraud had been practiced upon him, the bank was called upon to show affirmatively that it had no notice of the fraud when it took the note in good faith and for value, etc."

This action is by the endorsee of a negotiable note against the maker. An affidavit of defense was filed by the latter. The learned judge below made absolute a rule for judgment for want of a sufficient affidavit of defense and this appeal followed. The affidavit clearly avers that the instrument upon which the suit is brought was obtained from the maker by the fraud and misrepresentation of the payee or its agent. If the Negotiable Instruments Act be still in force, this averment clearly shifted the burden of proof and the statute itself cast upon the

endorsee or use-plaintiff the burden of proving affirmatively that it had no notice of the fraud incident to the making of the obligation. It was in no position therefore to demand or obtain a summary judgment.

The learned judge below justified his action by a reference to the case of Dominion Trust Co. v. Hildner, 243 Pa. 253. In his opinion he says, "The case is within the ruling in Dominion Trust Company v. Hildner and the plaintiff is entitled to judgment." We think the learned judge was in error in so holding. The important question in the case cited appears in the following quotation from the opinion of Mr. Justice POTTER: "In the affidavit of defense it is alleged that the note was purchased from Mr. Lyon, who was at the time president of the plaintiff company, and that Lyon had knowledge of the facts which would constitute a good defense to the note." It is then pointed out that his knowledge of the facts was not gained while he was in any way acting for the plaintiff company. As a consequence it appeared the defense averred was built upon a misconception of the law and a judgment was properly entered. It does not appear anywhere in the report of the case that the defendant had averred in his affidavit that the note had been obtained from him by the fraud or misrepresentation of the payee. The question that is before us therefore did not arise.

The sixth section of the Act of May 14, 1915, P. L. 483 (the Practice Act), declares "Every allegation of fact in the plaintiff's statement of claim......, if not denied specifically or by necessary implication in the affidavit of defense......, shall be taken to be admitted, etc." This act was not intended to repeal the Negotiable Instruments Act so as to permit a plaintiff endorsee to substitute a mere averment for a positive obligation to produce affirmative proof. When the defendant, in the case at bar, set up the fraud by which the instrument had been obtained, it was not necessary that he should go further and aver that plaintiff endorsee had notice of that fraud

because the statute had so declared.   We are of opinion the rule for judgment should have been discharged.

The judgment is reversed and the record remitted to the court below with a procedendo.