# Dull *v.* Mitchell, Appellant.

*Promissory notes—Suit by endorsee against maker — Defenses — Burden of proof — Oral agreement — Negotiable instruments —Act of May 16, 1901, P. L. 194—Affidavit of defense.*

1. In an action by an endorsee against the maker of a promissory note, where the affidavit of defense sets up a violation of a parol agreement between the maker and payee, but admits the execution and endorsement of the note and that it had not been paid, and plaintiff files a replication denying this, plaintiff, at the trial, is not required, under the Act of May 16, 1901, P. L. 194, to show that he was ignorant of the alleged parol agreement, until defendant offers some proof of infirmity of plaintiff's title as a holder in due course.

2. In such case, after plaintiff has proved his case as alleged in his statement of claim and rested, then, if defendant offers evidence that plaintiff's title is defective, the burden shifts to plaintiff to prove that he, or some one under whom he claims, acquired the title as holder in due course.

Argued March 17, 1925. Appeal, No. 42, March T., 1925, by defendant, from judgment of C. P. Fayette Co., March T., 1924, No. 549, on verdict for plaintiff, in case of Grant Dull v. Charles C. Mitchell. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit by endorsee against maker of promissory note. Before VAN SWEARINGEN, P. J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for plaintiff for $3,-909.38. Defendant appealed.

*Error assigned* was direction for plaintiff, quoting record.

*H. S. Dumbauld,* with him *H. George May,* for appellant, cited: Schultheis v. Sellers, 223 Pa. 513; Rothrock Stores v. Panzera, 72 Pa. Superior Ct. 349; Bank of Morehead v. Hernig, 220 Pa. 224; Real Estate Investment Co. v. Russel, 148 Pa. 496.

*Sterling, Higbee & Matthews,* for appellee, were not heard.

PER CURIAM, April 13, 1925:

Plaintiff, an endorsee, sued the maker of a promissory note; the statement of claim alleged that plaintiff became a holder for value before maturity. The affidavit of defense admitted the execution of the note and that it had not been met, but averred a contemporaneous parol agreement with the payee that the note was to be paid out of a fund thereafter to be created by the re-sale of certain corporate stock, for the purchase of which the note was originally given by defendant to the payee, who was to retain it until thus paid; defendant further alleged that plaintiff had knowledge of this agreement prior to acquiring the instrument in suit. Plaintiff filed a replication denying any knowledge whatever of the verbal agreement and averring that he was the holder and owner of the note in due course.

At trial, plaintiff produced the note in evidence, offered defendant's admission that it had not been paid, and rested. Defendant asked for a compulsory nonsuit, alleging that plaintiff had not shown he was a holder of

the note in due course, and, when the court overruled the motion, defendant rested. The trial judge instructed the jury to find for plaintiff; judgment was entered on the verdict thus rendered and defendant has appealed.

Defendant points to the 59th section of the Negotiable Instrument Act, May 16, 1901, P. L. 194, which provides, "Every holder is deemed, prima facie, to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course," and contends that, in the absence of evidence to meet the averments of his affidavit of defense, plaintiff could not be adjudged a holder in due course.

In reply, plaintiff properly claims that he was not required to offer evidence to sustain his denial of knowledge of the verbal agreement between the maker and payee of the note, as set up in the affidavit of defense, until some proof of infirmity of plaintiff's title as a holder in due course was offered at trial by defendant; and the court below did not err in so holding: see Putnam v. Ensign Oil Co., 272 Pa. 301.

In an opinion refusing a new trial the court below correctly states: "We cannot believe it to have been meant by the court in the Panzera Case [72 Pa. Superior Ct. 349] that as soon as it appears from an affidavit of defense that title of the plaintiff who negotiated the instrument is defective, such averment alone shifts the burden of proof so as to require the plaintiff to prove affirmatively in the first instance not only his case as alleged in his statement of claim but also to disprove the averment in the affidavit of defense that the plaintiff had notice of fraud by which the instrument had been obtained; it seems to us that what the court must have meant, where a case is tried before a jury, is that, after the plaintiff has proved his case as alleged in his statement of claim and rested, then, if the defendant offers evidence that plaintiff's title is defective, the burden

shifts to the plaintiff to prove that he, or some one under whom he claims, acquired the title as holder in due course." We find nothing to the contrary of this in any of the cases relied on by appellant.

It may be added, the affidavit of defense fails to aver that the corporate stock therein mentioned, for the purchase of which the note in suit is alleged to have been given; and out of the sale of which it was to be paid, had not in fact been sold prior to the beginning of this action.

The judgment is affirmed.