No. 13,351.

DOUGHERTY *v.* WHITE EAGLE OIL CORPORATION.
(25 P. [2d] 175)

Decided August 15, 1933.   Rehearing denied September 25, 1933.

Mr. GRANBY HILLYER, Mr. G. R. HILLYER, for plaintiff in error.

Mr. ALLYN COLE, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

WHITE Eagle Oil Corporation recovered judgment against Dougherty in an action upon a promissory note. Dougherty prosecutes error and asks for a supersedeas. We refer to him as defendant and to the corporation as plaintiff, as aligned at the trial.

Defendant, a retail dealer, bought gasoline from plaintiff, and the note in question was given for a balance claimed to be due thereon. Defendant's evidence shows that prior to the execution of the note, the parties had agreed upon a certain price for gasoline, which, for a considerable time, was duly observed, but that plaintiff afterwards raised the price over defendant's protest frequently renewed, the latter claiming that the increase in price was contrary to agreement. Defendant counterclaimed for the difference between the alleged agreed price and the amount charged him for gasoline as represented by the note. He assigns error for the reason that the court failed to allow such counterclaim.

It appears that notwithstanding plaintiff's refusal to sell oil at the old price, defendant, for business reasons, continued to buy it. Plaintiff's invoices were under the new rate, to which defendant objected, but he admits that, knowing there was a dispute, he "went ahead and signed this note."

Other separate and independent notes given by defendant are disclosed by the testimony, but they are not involved. The set-off claimed by defendant all pertains to matters that occurred before the note in question was executed. The balance due for gasoline was embodied in such note and the consideration for its execution; defendant's voluntary signature thereto fixes the amount of his obligation. No fraud or mistake is alleged or proven, and it would be an injustice to defendant himself to impeach the integrity of his own promise. The general rule, to which this case offers no exception, is stated in Joyce on Defenses to Commercial Paper (2d Ed.), at section 929, as follows: "One who gives a note for the

payment of a debt after the same has been contracted waives all defenses of which he had full knowledge at the time such settlement was made.''

Plaintiff has presented other legal questions to which defendant has replied, but they are not essential to a determination of the issues. We find no error in the record.

Judgment affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE HILLIARD concur.