Opinion by
 

 Kenworthey, J.,
 

 The question raised by this appeal is whether defendant, the maker, offered sufficient evidence to rebut the presumption that plaintiff-bank was a holder in due course of the negotiable promissory note on which this suit was brought. It seems to have been conceded that defendant had a good defense as against the payee. The case was tried before Glass J., without a jury, who made a general finding for defendant. After argument heard by three judges of the municipal court, the bank’s exception was dismissed and judgment entered on the finding. The bank has ap
 
 *398
 
 pealed. The single contention is that the judgment should he reversed and entered in its favor.
 

 The note was dated May 15, 1936; it was payable at the main office of the Bank in Portland, Oregon, to the order of Coil Binding Company; it showed an endorsement to the bank; it was for the amount of $3,882.01, reduced by installment payments to $1,-885.45; it was payable in monthly installments and the last payment was made December 11, 1937. The pleadings established its execution and delivery, and the demand and refusal to pay.
 

 The bank offered the note, the admissions in the pleadings, and rested. In rebuttal it also proved, through the deposition of an assistant cashier, that the note had been purchased by it on October 24, 1936 for $3,043.97, which amount was, on that date, credited to the account of the payee. But we shall disregard this evidence for present purposes. If the bank’s case depended on it, our inquiry would end because its credibility would be for the fact finding body, in this case, the trial judge.
 
 Second National Bank of Pittsburg v. Hoffman,
 
 229 Pa. 429, 78 A. 1002.
 

 Section 59 of the N. I. L.
 
 [1]
 
 provides that “Every holder is deemed prima facie, to be a holder in due course.”
 
 [2]
 
 The bank is thus given a “valuable presumption of fact,”
 
 (Putnam v. Ensign Oil Co.,
 
 272 Pa. 301, 305, 116 A. 285, 286), which requires evidence, not just denials in a pleading, to rebut it.
 
 Dull v. Mitchell,
 
 283 Pa. 88, 128 A. 734. Defendant’s contention is that there was evidence from which the court could find the bank did not take the note “in good faith and for value,” but was merely the payee’s “collecting agent.” We shall consider the evidence.
 

 It was shown that all the installment checks were,
 
 
 *399
 

 at the request of the payee, sent by defendant to the bank; they were all made payable to the payee; and the bank did not notify defendant of its ownership of the note until after default.
 
 This was undoubtedly evidence from which it could be found that defendant had no notice or knowledge of the transfer of the note from the payee to the bank. Further, the bank, by continuing to accept checks payable to the order of the payee, may have lulled defendant into thinking no change in ownership had occurred. But there is no duty on the holder of negotiable paper to give notice to the maker of any transfer. The shoe is on the other foot. The maker is so clearly bound to anticipate transfers without notice to him that, if he pays the original payee without insisting upon presentment of the instrument, he does so at his own risk.
 
 Harbaugh’s Estate,
 
 320 Pa. 209, 182 A. 394. At most, the bank’s continued acceptance of the installment checks drawn to the order of the payee might constitute the payee the bank’s agent for collection. See statement and cases cited, Brannan’s Negotiable Instruments Law, Sixth Ed. 1938, p. 891.
 
 The note was originally given for the purchase price of certain machinery, under a written conditional sale contract, which contract was on the bank’s form; the note was also on the bank’s form; and the ■contract, which was offered in evidence by defendant, contained a provision that the “seller may assign this contract to the First National Bank of Portland, Oregon......”
 

 [3]
 

 The argument is that these facts indicated the bank was involved in the original deal and, therefore, charged with notice of any default on the part of the payee. This court, in
 
 International Finance Co. v. Magilansky et ux.,
 
 105 Pa. Superior Ct. 309-311, 161 A. 613-614, dealt with a similar argument in the
 
 *400
 
 following language, page 311: “Granting, arguendo, that the endorsee of the note knew that the payee was in the business of installing furnaces, and that it took notes of the same character as the one in suit in its various transactions, this knowledge did not charge him with notice of the infirmity of this particular note. There is an entire absence of proof, (in fact, there is testimony to the contrary) that the endorsee at the time the note was negotiated had anything to do with the payee company, had any interest in the concern, or had any intimate knowledge of its transactions.” See also
 
 Detroit Savings Bank v. Towers,
 
 42 Pa. Superior Ct. 246.
 

 The judgment is reversed and entered for plaintiff against Charles Hartman,
 
 [4]
 
 in the amount of $1,885.45, with interest thereon from December 10, 1937, and upon the remission of the record, the court shall proceed to ascertain, upon hearing, the amount of counsel fee allowable to plaintiff under the terms of the note, and upon determination, enter judgment therefor.
 

 [1]
 

 Act of May 16, 1901, P. L. 194, Sec. 59, 56 PS 189.
 

 [2]
 

 The balance of the section is not applicable here because it is not contended the payee’s title was defective a3 the term is defined in See. 55.
 

 [3]
 

 The remainder of the provision: “...... without notice to purchaser, and when assigned shall be free from any defense, counterclaim or cross complaint by purchaser” does not directly apply to this ease because the suit here is on the note.
 

 [4]
 

 Although the original action was also against The Hartman Company, it was eliminated as a party defendant by agreement at the trial.