Ehnes, Appellant, *v.* Mang.

Argued October 2, 1951. Before RHODES P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*William F. Fox,* with him *Robert W. Honeyman* and *Fox & Honeyman,* for appellant.

*S. Thomas Bulfamonte,* for appellee.

OPINION BY GUNTHER, J., November 19, 1951:

This appeal is from an order opening a judgment entered upon a warrant of attorney contained in a judgment note.

On January 10, 1950, Fred C. Ehnes, appellant, caused a judgment to be entered against Samuel R. Mang, appellee, by virtue of a warrant of attorney to confess judgment contained in a promissory note under seal dated August 20, 1932, in the amount of $288 together with interest and collection fees, or a total of $631.77. On March 11, 1950, defendant filed his petition to open judgment interposing the defenses of forgery, fraud, error, payment, invalid assignments and endorsements, usury, and that plaintiff was not a holder in due course. An answer was filed denying material averments; depositions were taken and after argument before the court in banc, the present order opening the judgment was entered. This appeal followed.

An application to open a judgment entered upon a warrant of attorney is an equitable proceeding governed by equitable principles and is addressed to the sound discretion of the court below. On appeal, the question is whether the court below kept within the bounds of its discretionary power (*Singer v. Ritter,* 167 Pa. Superior Ct. 154, 158, 74 A. 2d 520) for the order of the court below in such circumstances will be reversed only for a clear or manifest abuse of discretion: *Oppenheimer v. Shapiro,* 163 Pa. Superior Ct. 185, 60 A. 2d 337.

Plaintiff contends that under the provisions of Section 59 of the N.I.L.[1] he is prima facie presumed to be a holder in due course; that the defendant produced no evidence to rebut or disturb this presumption of fact;

---

[1] Section 59 of the Act of May 16, 1901, P. L. 194, 56 PS. Section 139 provides as follows: "Every holder is deemed prima facie, to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

that the defense of payment interposed by the defendant would not be available against a holder in due course and that therefore the court below abused its discretion in opening the judgment. Defendant produced evidence designed to prove that (1) plaintiff was not a holder in due course for the reason that he became the holder after maturity; and (2) payment had been made. Other defenses raised in the petition to open were not pursued.

Defendant testified that in 1932, in the financing of an automobile, he gave the note in question to the Counties Finance Company; that he was unable to make monthly payments, and in fact made no payments on the note; that on or about October 22, 1932, the finance company agreed to discharge defendant's liability upon delivery of possession of the automobile to them and their payment of $25.00 to him. Defendant testified that an officer of the finance company ". . . gave me the $25.00 and I gave him the car. He said he would see that I would be satisfied, he would take care of the rest of the papers when he came to the office." The testimony also establishes that defendant never received a demand for payment from anyone until plaintiff appeared at his home on September 29, 1949 and demanded payment of the note. Defendant then advised the plaintiff that he had no recollection of the existence of the note or of owing any money and refused to pay.

The reverse side of the note discloses that the payee endorsed the note to The First National Bank of Ambler. The bank later went into receivership. The following endorsements also appear on the back of the note. "For value received assigned to Abraham L. Evans without recourse or warranty of any kind or character. J. C. Maschke, Receiver—The First Nat'l Bank Ambler, Pa." Abraham L. Evans assigned the judgment note to plaintiffs "without recourse, warranty or representation". No dates appear on the re-

verse side of this note. There does appear a printed columnar schedule to record any payments of principal and interest, but no payments are noted in this columnar schedule.

The court below, in opening the judgment, recognized the rule that initially the plaintiff, under Section 59 of the N.I.L., supra, was prima facie, a holder in due course; that this presumption was one of fact; and that the defense of payment would be of no avail against a holder in due course. The court below, however, concluded that this presumption was weakened because of the long lapse of time (17 years 4 months and 20 days); that the reverse side of the note and the pleadings of the plaintiff clearly disclosed that the note had proceeded through a bank liquidation in receivership so that plaintiff may have become the holder after the note was overdue.

There is no merit to the plaintiff's complaint that defendant produced no evidence, except mere denial, to rebut the initial presumption that plaintiff was a holder in due course citing *First National Bank of Portland v. The Hartman Co.,* 147 Pa. Superior Ct. 396, 24 A. 2d 582. There is uncontradicted evidence that defendant made no payments on the note; that a default occurred one month after the date of the note; that two months after the date of the note an officer of the finance company represented to the defendant that it had possession of the note. As a consequence of this evidence a pivotal issue of fact arose for the jury to determine whether the note in question was negotiated by the payee after it became due. Cf. *Schultheis v. Sellers,* 223 Pa. 513, 516; *Lerch Hardware Co. v. First National Bank of Columbia,* 109 Pa. 240.

In regard to the defense of payment there is evidence setting forth specific circumstances and dates when payment was alleged to have been made. There is also evidence of long delay in seeking payment which in

itself is a circumstance to show payment: Cf. *Conrad's Estate*, 333 Pa. 561; *Tilghman v. Fisher*, 9 Watts 441; *Diamond v. Tobias*, 12 Pa. 312. The questions thus raised were questions of fact on conflicting testimony and were for determination by a jury. We find no abuse of discretion in opening the judgment.

Order affirmed.