## Budget Charge Accounts, Inc., Appellant, *v.* Mullaney.

Argued March 26, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

Before DIGGINS, J.

*H. Schwartz,* with him *Gerber & Galfind,* for appellant.

*Clement J. McGovern,* for appellees.

OPINION BY WATKINS, J., September 11, 1958:

This appeal is from an order of the court below opening a judgment which was entered by confession on a note dated February 17, 1956, signatures on which note were secured by allegedly false representations made by an agent for the payee of said note, Rowland Agency, Inc. The payee endorsed the note to Associated Acceptance Corporation, a Philadelphia firm, which then endorsed the note to Budget Charge Accounts, Inc., a New York firm, the appellant here, on February 20, 1956. Appellant entered judgment on the note on June 29, 1956 after appellee refused to make monthly payments and advised appellant of their defense. After petition, answer, interrogatories and hearing, the judgment was ordered opened August 21, 1957.

By stipulation, the disposition of this case will control eight other similar actions.

A proceeding on petition to open a judgment is largely equitable in nature; the defense offered may be either legal or equitable: *Wise's Appeal*, 99 Pa. 193 (1881). An application to open a judgment entered upon a warrant of attorney is an equitable proceeding governed by equitable principles and is addressed to the sound discretion of the court below. On appeal, the question is whether the court below kept within the bounds of its discretionary power, for the order of the court below in such circumstances will be reversed only for a clear or manifest abuse of discretion: *Singer v. Ritter*, 167 Pa. Superior Ct. 154, 74 A. 2d 520 (1950); *Oppenheimer v. Shapiro*, 163 Pa. Superior Ct. 185, 60 A. 2d 337 (1948); *Ehnes v. Mang*, 170 Pa. Superior Ct. 155, 84 A. 2d 518 (1951); *Tressler v. Emerick*, 278 Pa. 128, 122 A. 229 (1923).

The defense in this case is fraud in the inception. The action being based on a negotiable instrument, the defense is as to the original payee. The testimony dis-

closes that the appellees' defense was that the signatures to the note were obtained by false representations of the payee; that these representations were that they had won a free clothes dryer and were to be paid the sum of $20 each for interviews they obtained for the payee with prospective purchasers; that the signatures were obtained by these representations and that they had no knowledge that they were signing a judgment note; that the note was signed on February 14, 1956; that the dryer was delivered several days later and connected in March, 1956 and that it was defective; that they learned by television that the payee had been exposed as a fraudulent company; that they tried to reach the payee by letters and by personal visits but found the office closed; that their first knowledge that a claim was being made on a note was the receipt of the monthly payment book from the appellant; and that they never made any payments and wrote to the appellant stating that they had been defrauded and asked that the dryer be removed.

The fraud whereby the original note was obtained was not denied at the hearing. The appellant seeks to circumvent this defense by proving that it is a holder in due course. The defense appearing to be meritorious, as to the payee, the burden of showing it was a holder in due course, is then on the one claiming to be such. *Colonial Finance Company v. Hoover,* 112 Pa. Superior Ct. 60, 170 A. 338 (1934).

A holder in due course, as defined under the Uniform Commercial Code, 1953, April 6, P. L. 3, §3-302, 12A PS §3-302, is a holder who takes the instrument for value; and in good faith including observance of the reasonable commercial standards of any business in which the holder may be engaged; and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

Ordinarily a showing of the above requirements is largely one of fact which together with the credibility of those seeking to show same, is for a jury. *Ehnes v. Mang,* supra.

There is some merit in the contention of the appellees that the negotiation of this note, executed on February 17, 1956, to the Associated Acceptance Corporation and then to the appellant on February 20, 1956, even before the installation of the dryer, might well raise a jury question as to whether the negotiation was for the purpose of cutting off the defense of fraud in the inception and so affecting the good faith of the holder.

A motion to quash this appeal on the ground that appellant's counsel failed to file a brief in the court below to guide it in writing an opinion as required by Rule 43 of the Superior Court of Pennsylvania is denied. Whether or not the statement of the position of the appellant as set forth in the letter of counsel dated January 10, 1958 meets the formal requirements of a legal brief, it does state the legal position of the appellant upon which this appeal is based, and in no way precluded the writing of an opinion in accordance with Rule 43.

Although no opinion of the court below has been filed we can find no abuse of discretion from the record before us.

Order affirmed.