## Renard Linoleum and Rug Company, Appellant, v. Price.

Argued November 12, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Harry R. Levy,* for appellant.

*William Sloan Webber,* for appellee.

OPINION BY WRIGHT, J., December 17, 1959:

We are here concerned with an action in assumpsit, originally instituted before an alderman, to recover the unpaid balance of a promissory note. From the alderman's judgment for the plaintiff, the defendant appealed to the County Court of Allegheny County. The case was tried without a jury. Plaintiff requested a finding in its favor, but the trial judge entered judgment for the defendant. Plaintiff thereafter filed a motion to open the judgment and for judgment on the whole record, and also a motion for a new trial. These

motions were dismissed by the court en banc. Plaintiff has appealed.

Appellee, a retailer of household furnishings, had purchased a number of rugs from appellant, a wholesale distributor. The business dealings between the parties covered a period of several years, and were originally upon open account. However, appellee became delinquent and, at appellant's suggestion, executed a series of promissory notes. The note in question was for the sum of $500.00, dated November 23, 1953, payable March 31, 1954. It was conceded that appellee was entitled to a credit of $200.00, representing a payment in that amount. In his answer to the complaint, under new matter, appellee averred that a Trinidad rug furnished by appellant was defective. Appellee also counterclaimed for losses on a Penhurst rug and certain 20th Century carpet. The total amount of the counterclaim was equivalent to the unpaid balance. In its reply appellant averred that appellee had made no complaints until the time of hearing before the alderman, and had entirely failed to comply with the custom of the trade relative to notice of defects.

Our examination of the original record reveals that the Trinidad rug was purchased on April 3, 1953, and was immediately re-sold by appellee to one of its customers, who accepted delivery and is still in possession of the rug. So far as the record discloses, appellant sustained no loss in this transaction. The Penhurst rug was purchased on September 25, 1952, and was immediately re-sold. Appellant testified that he was compelled to repossess this rug, and disposed of it at a loss. The 20th Century carpet was purchased on May 29, 1952, and placed on the display rack. Appellee testified that, nine months later, he discovered a damaged spot and had to sell the carpet at a loss. It is important to note that appellee admitted that he was aware

of all three complaints prior to the execution and delivery of the note in suit.[1]

Appellant's principal contention, with which we are in accord, is thus stated: "One who gives a note for the payment of a debt, after the same has been contracted, waives all defenses of which he had full knowledge at the time such settlement was made". The general rule is set forth in 10 C.J.S. Bills and Notes, Section 485, page 1053, as follows: "A voluntary execution of a negotiable instrument, without duress or mistake, and without being induced by fraud or deception, waives any defense to the demand for which the note was given". In *Dougherty v. White Eagle Oil Corp.*, 93 Colo. 211, 25 P. 2d 175, the court said: "No fraud or mistake is alleged or proven, and it would be an injustice to defendant himself to impeach the integrity of his own promise. The general rule, to which this case offers no exception, is stated in Joyce on Defenses to Commercial Paper (2d Ed.), at section 929, as follows: 'One who gives a note for the payment of a debt after the same has been contracted waives all defenses of which he had full knowledge at the time such settlement was made' ".

An application of the general rule in this Commonwealth is found in *First National Bank of Pittsburgh v. Dowling*, 286 Pa. 483, 133 A. 793, which involved an action in assumpsit on a promissory note given in renewal of another note. Our Supreme Court said: "The note in appellant bank was due February, 1921, and notwithstanding appellee had full knowledge of the fact that his note in the Lincoln bank had not been paid, he then renewed the note in appellant's bank . . . Ap-

---

[1] "Q. . . . nevertheless with all these complaints, you did sign and deliver to the Company notes toward the end of '53, specifically November 23, 1953, which covered the entire balance that you owed to Renard Company, is that correct or not? A. That is right."

plying governing principles to the first proposition, the case clearly falls within the rule laid down in Longacre v. Robinson, 274 Pa. 35, 37 : 'When one gives a note in renewal of another note, with knowledge of a partial failure of consideration for the original note, or of a false representation by the payee, he waives such defenses and cannot set them up to defeat a recovery on the renewal note', or as stated by Daniel on Negotiable Instruments, vol. I, section 205, '. . . if at the time the renewal was executed, the parties signing knew of the fraud in the original or of the failure of consideration, they will be regarded as purging the contract of the fraud, or of the defense of failure of consideration, and cannot plead it' ". See also *First National Bank v. Singer,* 322 Pa. 207, 185 A. 647; *Warren National Bank v. Jamieson,* 301 Pa. 45, 151 A. 672; *Graham v. Hull,* 8 Pa. C.C. 202.

In our view of the case it becomes unnecessary to pass upon appellant's other contentions.

Judgment reversed, and the record is remanded to the court below for entry of judgment in favor of appellant in the amount of $300.00 with interest from March 31, 1954.