Bergman et al., Appellants, *v.* Bonetti.

Argued March 21, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Mitchell S. Lipschutz,* for appellants.

*Jerome M. Charen,* for appellee.

OPINION BY WRIGHT, J., April 13, 1960:

We are here concerned with appeals from an order of the court of common pleas making absolute a rule to open a judgment entered by confession on a note. This type of proceeding is equitable in nature, and we will reverse the determination of the court below only for clear and manifest abuse of discretion. See *Frigidinners v. Branchtown Gun Club,* 176 Pa. Superior Ct. 643, 109 A. 2d 202; *Small v. Small,* 185 Pa. Superior Ct. 468, 137 A. 2d 870; *Budget Charge Accounts v. Mullaney,* 187 Pa. Superior Ct. 190, 144 A. 2d 438.

Carmen P. Bonetti, Fred Frankel and Alfred A. Bonetti were engaged in the construction business, trading as C. P. Bonetti & Brother. They were represented by Edward B. Bergman, Esquire, who acted as counsel for the individual partners and for the copartnership, as well as for himself and his brother, David Bergman. On May 16, 1956, the partners executed a note in favor of Edward B. Bergman and David Bergman in the amount of $2,900.00. This note was allegedly given to secure the Bergmans in the event of default by the partnership on two negotiable notes to be guaranteed by Edward B. Bergman and David Bergman, one in the amount of $2,000.00 and the other in the amount of $900.00. The partners executed the two negotiable notes in total amount of $2,900.00, and these notes were in turn guaranteed by the Bergmans

so as to be more readily acceptable to third parties. On May 22, 1956, judgment was entered on the $2,-900.00 note. The partners were unsuccessful in their attempt to raise money on the two guaranteed notes. On June 8, 1956, the Bergmans personally advanced the sum of $2,900.00 to the partnership, and the two guaranteed notes were thereupon surrendered to the Bergmans. On April 17, 1959, Fred Frankel presented a petition for a rule to show cause why the judgment should not be opened, wherein it was averred that judgment was entered for an amount which was not due, and which did not take into account payments made and other credits granted equal to or in excess of the amount of the judgment. Following the filing of a responsive answer, depositions were taken by both petitioner and respondent. On June 30, 1959, the rule was made absolute.

Appellants first contend that a petition to open a judgment must set forth the facts upon which relief is requested, and that matters not pleaded may not be considered. It is appellants' position that the instant petition is based, not on facts, but on conclusions. However, appellants apparently felt that the averments of the petition were sufficiently definite, since they did not file preliminary objections but answered each allegation. We are in accord with the position of the court below that the petition and answer in the case at bar, viewed in the light of the depositions, *Lloyd v. Jacoby,* 156 Pa. Superior Ct. 105, 39 A. 2d 525, delineate the issues with sufficient clarity. Briefly stated, petitioner contends that the loan of $2,900.00 was unconnected with the security judgment and that, under the terms of the written agreement, the judgment should be satisfied of record since the two guaranteed notes were surrendered; further, that payments on account and other cerdits were not considered. These items include credit for an over-estimation of fees for

legal services rendered; credit for labor and materials supplied; credit for a cash payment made at the time the loan was granted; and credit for other payments made on account.

Appellants next contend that the court below improperly considered the written agreement, exhibit D-1, entered into by the parties, "because the written agreement is nowhere described, mentioned, or even hinted at, in the petition to open the judgment". They assert that "the only reason" for opening the judgment is the lower court's interpretation of the written agreement. This contention does not fairly portray Judge REIMEL'S reasoning. He devotes only one brief paragraph to the written agreement. His other reasons for opening the judgment were the payments made on account of the note and the credits contended for by appellee. These were the grounds alleged in the petition to open. While the written agreement was introduced in evidence in appellee's depositions, appellants devoted a considerable portion of their depositions to the agreement. We perceive no abuse of discretion in the consideration of the agreement by the lower court.

Appellants further contend that there was an abuse of discretion "in permitting the judgment to be opened to permit Fred Frankel to show credits, when no credits were specified in the petition and the only credits referred to in the depositions were credits allowed by only one of the plaintiffs, but not by the other". It is appellants' position that the credits asserted by appellee were allowed by only one of them, namely, Edward B. Bergman. They argue that there is no evidence whatsoever that Edward B. Bergman was acting as agent for the "non-assenting" appellant, David Bergman. However, "the existence of an agency does not need to be established by evidence of specific authority but may be implied from all the attending circumstances": *Yezbak v. Croce*, 370 Pa. 263, 88 A. 2d

80. Appellee testified without contradiction that the transactions by Edward B. Bergman were on behalf of both brothers. Both were parties to the agreement, exhibit D-1. Edward himself testified that he and David owned a property on which the Bonetti firm had performed work. Exhibit P-2 expressly provides that the balance due for work performed by the firm on a property apparently owned solely by Edward B. Bergman was to be credited against the note held by Edward B. and David Bergman. In the light of all of this evidence, the issue whether the credits could be asserted against one or both appellants is clearly a jury question.

Appellants' final contention is that where a petition to open judgment is presented by only one of three debtors, the judgment may be opened for the petitioning debtor only, "and not as to the other two". Our answer is that the present record discloses varied transactions and relationships between the parties which are relevant to the issue of what amount, if any, is due and owing on the judgment. Moreover, we are confronted with a situation wherein the partnership assets are subject to the lien of the judgment, so that a successful defense by appellee alone would be of no avail as to his interest in property held in the joint enterprise. Finally, the depositions reveal that one of the partners, Alfred A. Bonetti, stated that he and his brother, Carmen P. Bonetti, were still indebted to the appellants in the sum for which the judgment was confessed. This testimony hints of possible cooperation with appellants to appellee's detriment. In this connection we cannot overlook the fact that appellant Edward B. Bergman appears in a many sided role—as attorney for himself and his brother, for the co-partnership, for the non-petitioning partners and, during the period when the present controversy arose, for the appellee. It is our view that, when the equities of the

situation require it, the court is justified in opening a judgment in its entirety so as to reach the whole case and afford the petitioning defendant an opportunity for such relief as a jury may find he is entitled to receive under the testimony.

Order affirmed.