## Messick *v.* Mumma, Appellant.

640

Argued March 14, 1960. Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, Watkins, and Montgomery, JJ.

*John J. Shumaker,* with him *Shumaker and Placey,* for appellant.

*Maurice R. Metzger,* with him *Metzger, Wickersham & Knauss,* for appellees.

Opinion by Montgomery, J., June 15, 1960:

Appellant is the owner of a farm in Dauphin County which was operated in her father's name until about the time of his death in June of 1948. He received his feed and supplies from appellee on an open account in his name but, due to his illness, on or about September 24, 1947, the account was transferred to the name of

appellant. Thereafter, she made 141 purchases which were charged and 53 payments which were credited. As of April 12, 1952, the account showed a balance of $3,112.04 owing by appellant. On her failure to pay, suit was entered in the Dauphin County Court, in assumpsit, for this balance and appellant was duly served. The last day allowed for filing an answer to this suit was October 13, 1952, and as of October 10, 1952, no answer had been filed. However, on that day appellant appeared at the office of William H. Dunbar, Esq., a member of the Dauphin County Bar, who represented appellee, the plaintiff in that suit, and signed a judgment note for $3,112.00 payable within three years, with interest at five per cent in settlement of the suit. By doing so, she received a three-year extension in the time for payment and a waiver of past interest and the costs of the assumpsit suit.

Three years later, no payments having been made on the note and judgment having been entered thereon, execution was issued thereon on October 28, 1955. On November 16, 1955, after a levy had been made on her personal property, appellant filed a motion to open the judgment, alleging in substance that she had been coerced by Mr. Dunbar into signing the note, that it was agreed by Mr. Dunbar that the note was not to be recorded, that the amount of same had been fraudulently inserted for a larger amount than agreed to (a counterclaim for bad feed causing illness and death to her livestock not having been deducted), and that the account was in her name only for convenience, the debt actually being that of her father.

A rule was granted on the petition to open the judgment, depositions were taken, and the matter was presented to (HERMAN, J.) the court below, who discharged the rule and dismissed the petition.

As pointed out by Judge HERMAN in a well-considered opinion, petitions of this kind are addressed to the

equitable ear of the court and the weight of the evidence and the credibility of the witnesses are for the judge who sits as a chancellor, and that his discretion is wide and should not be exercised to favor the opening of a judgment merely upon oath against oath. The evidence must indicate more than a conflict; it must carry such conviction of truth as to convince the judge that a jury trial should be awarded.

We have read carefully the petition and depositions and have studied the opinion of Judge HERMAN and, after doing so, are firmly convinced that he did not abuse that discretion which the law reposes in him when he entered the order from which this appeal was taken. The matters of duress and fraud are purely oath against oath; and, once they were resolved adversely to appellant and the execution of the note established, the defenses set up by appellant relating to the denial of the debt and counterclaim also fell. *Renard Linoleum and Rug Company v. Price,* 191 Pa. Superior Ct. 220, 156 A. 2d 361.

Order affirmed.