## Better Living, Inc., Appellant, *v.* Filosa.

Argued June 15, 1962. Before RHODES, P. J., WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (ERVIN, J., absent).

*Ronald Ziegler,* with him *Snyder & Lowenschuss,* for appellant.

*Ray E. Machen,* for appellees.

OPINION BY WRIGHT, J., September 13, 1962:

We are here concerned with an appeal from an order of the County Court of Philadelphia making abso-

lute a rule to open a judgment entered by confession on a note. This type of proceeding is equitable in nature, and we will reverse the determination of the court below only for clear and manifest abuse of discretion: *Bergman v. Bonetti,* 192 Pa. Superior Ct. 170, 159 A. 2d 571; *Alliance Discount Corp. v. Shaw,* 195 Pa. Superior Ct. 601, 171 A. 2d 548. And see *Duquesne Light Co. v. Pittsburgh Railways Co.,* 400 Pa. 565, 162 A. 2d 350.

The record discloses that, on April 17, 1961, appellant entered into a contract with Andrew Filosa and Anna Filosa, his wife, under the terms of which appellant agreed to furnish certain materials and to perform certain work upon premises at 465 Cosgrove Street in the City of Philadelphia, for the price of $931.00. This contract contained, inter alia, the following provision: "All terms are cash on delivery unless financing is to be provided at seller's option". On May 15, 1961, the Filosas executed a note in amount of $1,350.00, payable in sixty monthly installments of $22.50 each, the first of which was due May 19, 1961. This note provided that failure to pay any installment when due would cause the full amount to become immediately payable and authorized confession of judgment therefor. It also provided for an attorney's commission of fifteen percent for collection and a "late charge" of five cents for each one dollar overdue. On June 6, 1961, appellant entered judgment on this note in the face amount of $1,350.00. No averment of default was filed at the time the judgment was entered.

The instant proceeding had its inception on August 2, 1961, when the Filosas filed a petition upon which the court below granted a rule to show cause why the judgment should not be stricken or opened. It was averred in this petition that only part of the work was completed, that the work which had been done was not performed in a proper manner, that the materials used

were defective, and that no averment of default had been filed. On October 16, 1961, appellant belatedly filed an averment of default and, on October 18, 1961, an answer to the petition. In the answer it was averred that a substantial portion of the work had been completed in proper manner, and with proper materials, and that the Filosas had refused permission to finish the work. No depositions were taken and the matter was argued on petition and answer.

Pa. R. C. P. No. 209 provides that, if a cause is determined on petition and answer, all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted. See *M. A. Long Co. v. Keystone Portland Cement Co.*, 302 Pa. 308, 153 A. 429; *Vallish v. Rapoport*, 364 Pa. 25, 70 A. 2d 616. The learned hearing judge recognized this well established proposition, but held that, because of an alteration therein, the answer in the case at bar was a nullity. He also concluded that judgment had been entered for an excessive amount, and that the circumstances shocked his conscience. Passing appellees' persuasive argument that the judgment should have been stricken because an averment of default was not filed at the time of entry,[1] our examination of this record discloses no abuse of discretion in the opening of the judgment. In the words of Judge DiNubile:

"In this case it appears to us that the plaintiff's answer is a nullity. Paragraph 7 states, 'It is denied that no averment of default was filed by the plaintiff. On the contrary, it is averred that the said averment of default was filed on September 20, 1961.' However, a line is drawn through the date, September 20, 1961, and October 16 is inserted in ink. The affidavit to the

---

[1] See *Kolf v. Lieberman*, 282 Pa. 479, 128 A. 122; *Sterling Electric and Furniture Co. v. Irey*, 189 Pa. Superior Ct. 450, 150 A. 2d 363; *A. B. & F. Contracting Corp. v. Matthews Coal Co.*, 194 Pa. Superior Ct. 271, 166 A. 2d 317.

answer was taken on September 28, 1961. It is obvious that an affiant cannot swear on September 28, 1961, to the truth of a fact which had not occurred, but which occurred on October 16, 1961. Assuming, arguendo, that the answer is sufficient and valid, the court in the application of equitable principles, as it is duty bound to do, finds that in accordance with the admissions in the answer, the circumstances are of such a nature as to shock its conscience and, therefore, was constrained to open the judgment.

"The answer admits that the contract price for full performance was $931.00, and that the plaintiff did not fully complete the work. The answer admits that the defendants executed a note in the sum of $1350.00 on May 15, 1961, for the performance of work under the contract to be paid in 60 monthly installments, the first of which to be due on May 19, 1961, and that for failure to pay the first installment the judgment was entered for $1350.00 on June 6, 1961. There is no explanation why the note was executed for $1350.00, and even if interest at 6% on $931.00 is added for five years, which amounts to $279.30, it would be considerably less than $1350.00. The charge of $410.00 on an obligation of $931.00 which was less than one month overdue, amounts to a charge of about 46% for 18 days. The purported averment of default did not include the 15% collection fee provided in the note. The plaintiff did not dare add it as an additional charge.

"Since the plaintiff admits the work was not completed, the defendants are entitled to a credit, so that the principal sum due is less than $931.00. The plaintiff cannot receive more through a judgment by confession than it could have obtained in an adversary proceeding: Unit Vending Corporation v. Tobin Enterprises, Inc., 194 Pa. Superior Ct. 470.

"Since the judgment was entered for a sum far in excess of what would be fair, reasonable and just, and

since the circumstances surrounding the execution of the contract and the note were so confusing and unfair, we felt that justice could only be done by having a tribunal pass upon the merits of the matter".

Order affirmed.