## Commonwealth Bank and Trust Co. v. Coudriet

*F. Cortez Bell,* for petitioner.

*Pontzer and Pontzer,* for respondent.

CAMPBELL, P. J. (Forty-ninth Judicial District, Specially Presiding), January 15, 1964. — Plaintiff confessed a judgment against defendant on February 14, 1962, in the Court of Common Pleas of Allegheny County. A certification of the judgment obtained was made and filed in the Court of Common Pleas of Elk

County on February 19, 1962. Thereafter, on May 7, 1962, defendant filed a petition to open the judgment to which plaintiff promptly filed an answer. Following the taking of depositions, briefs were filed and the matter was argued before the Honorable Joseph L. Trambley, who because of illness was unable to file an opinion. The matter was recently referred to the author of this opinion for determination of the issues raised.

We hold that the Court of Common Pleas of Elk County has jurisdiction under the Act of July 13, 1961, P. L. 592, sec. 1, 12 PS §8913, amending the Act of March 27, 1945, P. L. 83, 12 PS §8913-4. This act was not suspended by Pennsylvania Rules of Civil Procedure. See Pa. R. C. P. 3010.

The court has the power to take into consideration both the testimony taken on deposition and the pleadings: Lytle v. Walters, 184 Pa. Superior Ct. 246.

From an examination thereof the following facts appear. Defendant was an automobile dealer and had been so engaged for 17 or 18 years and was familiar with installment sale contracts. He was the sole owner and traded under the name of St. Marys Used Car Center, a fictitious name duly filed in Elk County. He needed money for the conduct of his business and in order to secure the same caused to be executed an installment sale contract for a new 1961 Ford Sunliner convertible automobile. The seller was listed as St. Marys Used Car Center which defendant himself owned, and the same was signed on behalf of seller by Marvin D. McClintick, an employe. The buyer or purchaser was listed as Morris L. Coudriet, defendant. The installment sale contract contained a confession of judgment clause to be used upon default of buyer. The contract was assigned by the St. Marys Used Car Center to the Industrial Discount Company through an arrangement which defendant made with one George Rupprecht who was then an officer in said company.

The amount to be borrowed was $1,835, and defendant buyer agreed to assume finance charges in the amount of $220.12, making a total debt of $2,055.12, payable in 24 monthly payments of $85.63 each. The St. Marys Used Car Center owned by defendant guaranteed and became surety on the assigned instrument.

The installment sale contract provided that a security interest shall attach to the vehicle financed until all sums due thereunder were paid. Apparently no certificate of title was obtained from the Pennsylvania Bureau of Motor Vehicles with a lien notation made thereon in favor of the original assignee, Industrial Discount Company. The contract further provided that:

"The undersigned (the St. Marys Used Car Center, solely owned by the defendant) also authorizes and empowers Industrial Discount Company to appropriate as a credit against the amount due by the undersigned to the Industrial Discount Company, any monies, securities, credits or other property of any kind or description of the undersigned that may be in the possession of the Industrial Discount Company, without notice."

Pursuant to this authority, the Industrial Discount Company applied to and paid off four other obligations involving financed automobiles, which were in default and which the St. Marys Used Car Center was the guarantor or surety. The cars involved and the certificates of title therefor, with the liens marked satisfied, were turned over by Industrial Finance Company to defendant herein. Defendant knew or should have known that the contracts were in default as the automobiles were in his possession long before the instant installment sales contract was executed. It is quite clear from the testimony, and the court finds as a fact, that defendant received proper credit for the $1,835 which he borrowed with the use of the installment sale contract upon which judgment was ultimately confessed.

It was also found as a fact that defendant sold the automobile having a retail value of $3,730 to an innocent purchaser for value and retained the proceeds, notwithstanding the fact that the automobile was supposed to be security for the money which he had borrowed. It finally is found as a fact that defendant never paid to the Industrial Finance Company or its assignee, plaintiff, any part or portion of the $1,835 for which he received credit.

The court is convinced that defendant has no legal defense to the obligation which he signed, either against the seller of the automobile, which of course was himself as sole owner of St. Marys Used Car Lot, nor against the Industrial Finance Company, and if he has no defense against Industrial Finance Company, he should have none against plaintiff herein, being an assignee of the Industrial Finance Company for value.

We deem it unnecessary to make any determination as to whether or not the plaintiff, the Commonwealth Bank and Trust Company, is a holder in due course or whether it has a valid security interest in the automobile in question, for we deem them both to be immaterial. It is undenied that defendant signed the instrument with a confession of judgment clause contained therein and that he did in fact receive full consideration of the amount which he intended to borrow with the use of such instrument.

Although this is an equitable proceeding, we do not make any judicial determination as to whether or not the defendant is guilty of any fraudulent acts, although it does appear that defendant created a situation and was a party to acts and transactions which appear to be irregular, if not illegal. He knowingly executed the installment sale contract in which he was both buyer and seller. He did not secure the title upon which the lien of the Industrial Finance Company was noted and he sold the automobile which was intended to be secur-

ity for the loan and retained the proceeds, all of which was done as an experienced car dealer who was quite familiar with installment sale contracts.

Defendant argues that on September 13, 1961, his reserve account was charged with various accounts including $68.77 to pay off an account of Leroy J. Himes, account no. D7364. Plaintiff thereafter advised defendant that $63.75 of the $1,835 which he borrowed on October 11, 1961, was used to pay off the same account, indicating that defendant was required to pay the same account twice. Plaintiff, however, admits this to be error, contending that this latter amount should have been used as an additional credit on the account of Joel E. Swackhammer. By so doing, defendant is in no way prejudiced. Defendant also contends that his reserve account was $778.98 on September 13, 1961, but it is quite obvious that this was only a reserve account and would fluctuate because of advanced payoffs or cancellations and in fact would be almost totally used up to pay off the balance due on the Swackhammer account where the account was repossessed and the title was mailed to the defendant on October 31, 1961.

The facts in this case do not indicate that Marvin D. McClintick could be personally obligated on the instrument in question and we would order his name stricken as a party defendant.

A petition to open judgment is addressed to the sound discretion of the court below and will be reversed only on clear abuse of discretion: Foster v. Nixon, 194 Pa. Superior Ct. 572; Duquesne Light Co. v. Pitts. Railways Co., 400 Pa. 565.

A petition to open judgment is governed by equitable principles and petitioner must aver a valid defense and establish the existence of equitable considerations which impress the court with the need for relief: Universal Builders Supply, Inc. v. Shaler Highlands Corp., 409 Pa. 334; Messick v. Mumma, 192 Pa. Superior Ct.

639; Better Living, Inc. v. Filosa, 199 Pa. Superior Ct. 110.

As we read carefully the pleadings of defendant in support of his petition to open this judgment, wherein he claims failure of consideration, we have no hesitancy in finding that defendant did in fact receive consideration for the instrument upon which judgment was confessed and the evidence amply supports this conclusion. Reviewing carefully the equitable principles involved herein, we can come to no other conclusion than that the defendant has no legal or justifiable defense to the plaintiff's claim. We therefore enter the following order:

*Order*

And now, to wit, January 15, 1964, defendant's petition to open judgment is dismissed and the rule heretofore issued by this court is refused and discharged.